## SNIPES v. SNIPES.

### No. 13431.

Court of Civil Appeals of Texas. Dallas.

Aug. 2, 1943.

Rehearing Denied Oct. 8, 1943.

Bonney & Paxton and Mart M. Wade, all of Dallas, for appellant.

Chrestman, Brundidge, Fountain, Elliott & Bateman, of Dallas, for appellee.

LOONEY, Justice.

J. C. Snipes sued his wife, Louise Brock Snipes, for divorce in Dallas County, cause No. 41244–E on the docket of the court below. Defendant answering prayed that plaintiff be adjudged to pay her alimony and a reasonable attorney's fee; prayed for the custody of their two minor children, a daughter 19 years of age and a son 16 years of age; alleged that the parties owned no community property, but that plaintiff owned a separate estate; prayed that he be compelled to file an inventory of his separate property and render full ac-

counting as to his income and earnings, and that he be adjudged to pay the defendant stated amounts of money for the support of said minors until the younger reached his majority.

The parties settled their property rights before trial of the divorce suit. Plaintiff agreed in writing to pay the defendant a stated sum as alimony, and an attorney's fee; agreed that she should have custody of the minor children, and as aid for their support, "First Party (plaintiff) further agrees to pay to Second Party (defendant) for the use and benefit and for the support, maintenance and education of said two minor children, the sum of Fifty Dollars ($50.00) per month regularly on or before the 5th day of each month, until the youngest of said children shall become twenty-one years of age, the first monthly payment to be made on or before the 5th day of June, 1939, and a like monthly payment of $50.00 to be made on or before the 5th day of each successive month thereafter." The said agreement contained a provision that it should be made a part of the final judgment entered in the divorce suit.

On April 2, 1939, the court below rendered judgment divorcing the parties, set out in extenso the written agreement executed by plaintiff, reciting that defendant had waived her demand for an inventory and accounting of all plaintiff's property and income, had waived her demand that his separate property be impressed with a trust, finding the same just and fair to the parties; that plaintiff had paid defendant the amount of alimony and attorney's fee agreed upon, awarded the custody of the two minor children to the defendant, and the following: "It further appearing to the court that the plaintiff has paid a proper sum of money to the defendant for the support of said minor children pendente lite, and has on this date paid to the defendant for their support the sum of $50.00, and has agreed to pay a like sum to her each month, the first payment to be made June 5, 1939, which agreement is hereby approved, and the court being of the opinion that, considering the finances and economic situation of both parties and of said children, such monthly payment is fair, just and equitable, it is therefore ordered, adjudged and decreed by the court that the plaintiff, J. C. Snipes, pay to the defendant, Louise Brock Snipes, the sum of $50.00 per month until Robert Joseph Snipes, the minor son,

reaches the age of twenty-one years. The first of said payments shall be made on or before June 5, 1939, and the remaining payments up to the time of the majority of said minor shall be paid on or before the 5th day of each successive month thereafter."

The instant proceeding was instituted by Mrs. Snipes, defendant in the suit, alleging in substance that, for a time, plaintiff paid the monthly installments, but after paying $399, refused to make any further payments and repudiated his obligation as agreed and adjudged. After plaintiff answered, the court heard evidence and entered an order adjudging that plaintiff pay defendant, under his obligation to contribute to the support of the minor children, the sum of $1,315.45, which included all arrearages, as well as the installments that would accrue up to August 29, 1943, the date of the majority of the younger minor. From this order, plaintiff appealed and has assigned errors.

Plaintiff insists that the court erred in overruling his plea in abatement and motion to dismiss the proceeding, based upon the ground that the same should have been instituted as a separate and independent suit and not as a part of the original divorce case; contending that the court was without authority or jurisdiction to enter any order in regard to the support of either of their minors over 16 years of age.

■ The original judgment requiring plaintiff to pay to the defendant $50 per month to aid in the support of the minors until the younger child should reach majority was based not alone on the statute, Art. 4639a, Vernon's Ann.Civ.St., but also upon the provisions of plaintiff's written agreement, providing that same should be made a part of the decree rendered on final judgment in the divorce case, the same having been duly approved by the court as fair and just to the parties. The contention of plaintiff under consideration is denied on authority of Scott v. Fort Worth Nat. Bank, Tex.Civ.App., 125 S.W.2d 356, application for writ dismissed, and Belstrom v. Belstrom, Tex.Civ.App., 144 S.W.2d 614, application for writ dismissed.

Plaintiff also contends that the court erred in including in the judgment appealed from, the monthly installments that would accrue before the younger child reached his majority.

■ The record discloses that plaintiff not only ceased to pay the monthly installments as he agreed and was adjudged to do, but stated to his son that he could pay no more; furthermore, in his answer filed in the present proceedings, clearly repudiated his obligation to make further payments, denying that there existed any basis upon which the court could have ordered him to pay the defendant any sum for the support of a minor child over 16 years of age. Obviously, this was an undeniable repudiation of his obligation to pay the defendant $50 per month until the younger child reached 21 years of age. On the other hand, after the divorce decree, defendant made a home for the minor children, and, from her earnings as a music teacher, aided in their support. The conclusion, we think, is inescapable that defendant was entitled to recover under the doctrine of an anticipated breach. See Pollack v. Pollack, Tex.Com.App., 46 S.W. 2d 292, by the Supreme Court, with full citation of authorities on the subject.

Plaintiff also contends that, if he is compelled to pay the defendant $50 per month, he is entitled to be credited with one-half the amount of the minor's earnings from February, 1941, at the time he went to work, until his majority in August, 1943.

■ The record discloses that, as adjudged by the court, the responsibility of the care and custody of the minor children during minority were assumed by the defendant, and to the extent of her ability, discharged these motherly duties well; she made a home for the children, and from her earnings as music teacher, aided in their support; was keeping the boy in school at Southern Methodist University until, owing to plaintiff's default in failing and refusing to discharge his obligation, was compelled to take him out of school; then it was the boy went to work and earned various amounts, probably from $75 to $100 per month, until entering the Navy in 1942. His earnings partly were used to pay an indebtedness to the University, incurred for his schooling, and the balance, it seems, went to pay the necessary bills incurred for family expenses. We think plaintiff was estopped to lay any claim to the earnings of the boy. All assignments or points of error urged for reversal are overruled and the judgment of the court below is affirmed.

Affirmed.