**HYMAN v. BRADY et al.**

**No. 12092.**

Court of Civil Appeals of Texas. San Antonio.

May 10, 1950.

David A. Grose, Alice, for appellant.

William E. Remy, San Antonio, for appellees.

NORVELL, Justice.

This is an appeal from a judgment for $5,558.04, in favor of Kathryn Brady (formerly Kathryn Hyman) and against Vance Hyman. Of this amount, $3,308.04 was the balance due upon a promissory note dated February 27, 1946, executed by Vance Hyman and payable to Kathryn Hyman. Appellant makes no complaint as to this portion of the judgment. The court, however, awarded Mrs. Brady the sum of $2,250, representing fifteen delinquent payments of $150 each, as and for the support of the minor Blanche Kay Hyman.

Appellant and appellee were divorced by decree dated February 27, 1946. In contemplation of this divorce, a settlement agreement was executed. This contract and its legal effect are discussed by us in the opinion this day handed down in Cause No. 12090, styled Brady v. Hyman, Tex.Civ.

App., 230 S.W.2d 342, to which we now refer.

Appellant contends that the agreement and the decree of February 27, 1946, will not support a money judgment against him.

In Cause No. 12090 we held that the provisions of the divorce decree relating to child support and based upon Article 4639a, § 1, Vernon's Ann.Civ.Stats., and enforcible by contempt proceedings, were subject to subsequent modification by the court as provided for in said article. We also held that such modification did not affect the contractual obligation evidenced by the decree and the agreement adopted as a part thereof. It follows from these holdings that Mrs. Brady as plaintiff below was entitled to recover judgment in an action based upon the contract.

The judgment appealed from is affirmed.

BROETER, J., did not participate in this decision.