O. Kennedy, Beeville, for appellant.

Wade & Wade, Beeville, for appellee.

**W. O. MURRAY, Chief Justice.**

On January 26, 1951, judgment was rendered in the District Court of Bee County, Texas, granting Corban N. Hardin a divorce from his then wife, Geraldine Hardin. The care and custody of their two minor sons, Galen Eugene Hardin and Dennis Ray Hardin, was awarded to the wife. It was further provided that the children were then living in the home of Mr. and Mrs. Gene Barnes of Drumright, Oklahoma, and so long as they remained in the Barnes Home the father was to pay all of their living expenses including pay to Mr. and Mrs. Barnes for their services, but that if the children were taken from the Barnes home and placed under the care of their mother then the father was to pay the sum of $75 per month for their care and support.

At another hearing in the District Court of Bee County, on November 28, 1951, it was made to appear that the children had been taken from the Barnes home and placed in the care of their mother. The original decree was amended so as to provide for the father to pay the sum of $250 per month for their support instead of $75 per month, as provided in the original decree. It was shown that the father's monthly income was $2,700, and that he could well afford to pay the $250 per month.

## HARDIN v. HARDIN.

### No. 12393.

Court of Civil Appeals of Texas.
San Antonio.

April 2, 1952.

From the amended decree Corban N. Hardin has prosecuted this appeal.

■ Appellant's first and only point is that the support provision in the first decree being based upon an agreement of the parties, it could not be changed in the absence of fraud, accident or mistake, except by the consent of the parties. We overrule this contention. Art. 4639a, § 1, Vernon's Ann.Civ.Stats., among other things, provides that the district court shall have full power and authority in a divorce case, where there is a child or children under the age of sixteen years to order either parent to make periodical payments for the benefit of such child or children until they reach the age of sixteen years, and to enforce such judgment by civil contempt proceedings. It is further provided that said court shall have power and authority to alter or change such judgment, or suspend the same, as the facts and circumstances and justice may require. The fact that the amount of support of the children was agreed upon by the parties in the original decree does not take away from the district court the power and authority to alter or change such judgment. It is the duty of the district court to exercise at all times under proper circumstances the power and authority which is given to it by the above provision of the statute. As was pointed out in Brady v. Hyman, Tex. Civ.App., 230 S.W.2d 342, 344, by Mr. Justice Norvell: "The child support provision of the decree considered apart from its effect as a contract, that is, as a provision based upon Article 4639a, § 1, and enforcible by contempt proceedings, is of course subject to modification by the court. * * we are of the opinion that the court below did not err in ordering a reduction of the award of the monthly payment enforcible by contempt proceedings. The decree should, however, have been worded so as to leave unaffected appellee's contractual obligation to pay $150 per month for the support of the child."

In the case at bar the trial court provided in its modified or amended decree as follows:

"Nothing contained herein shall affect the contractual obligations assumed by Corben N. Hardin to pay Seventy-five Dollars ($75.00) per month for the support of his minor children, as evidenced by the decree of January 26, 1951, embodying an agreement between said Corban N. Hardin and Geraldine Hardin dated December 18, 1950, made in contemplation of divorce, but the provisions of this order shall relate only to the liabilities imposed upon said Corban N. Hardin under and by virtue of this decree, and the provisions of Article 4639a, Section 1, Vernon's Annotated Civil Statutes, and which may be enforced by contempt proceedings."

■ Appellant relies strongly upon the case of Plumly v. Plumly, 210 S.W.2d 177, an opinion by this Court. The facts in that case are so different from the facts in this case as to clearly distinguish the two cases. In the Plumly case the husband had agreed to place certain shares of stock in trust and the dividends from such stocks were to be paid to the wife for the support and education of their two sons until the youngest should become twenty-one years of age. Before that date arrived the husband sought an amendment to that decree allowing him to withdraw such shares of stock. It is clear that such a judgment could only be rendered by agreement and not under the authority and power given a district court by Article 4639a, § 1. Under the provisions of Art. 4639a a district court can only order a husband to support his minor children until they become sixteen years of age. We very properly held in that case that the agreed judgment could not be set aside in the manner which the husband desired. On the other hand no agreed judgment could be entered with reference to the support and maintenance of minor children under the age of sixteen years which would preclude a district court from thereafter exercising the powers and duties given such court by the provisions of Art. 4639a, § 1, supra.

The judgment is affirmed.