## DE VINEY v. DE VINEY.

### No. 6703.

Court of Civil Appeals of Texas.

Texarkana.

March 25, 1954.

Rehearing Denied July 8, 1954.

R. T. Wilkinson and Leonard Passmore, Mt. Vernon, for appellant.

Wynne & Wynne, Wills Point, for appellee.

WILLIAMS, Justice.

For the terms of a decree entered in the district court of Franklin County, on June 15, 1951, appellee Mrs. Thelma DeViney and appellant Roy DeViney were divorced. A property settlement that had been made out of court was approved. In an order entered December 20, 1952, appellant was adjudged in contempt of court for his failure to make accrued monthly payments in the total sum of $850. He timely purged himself by paying this sum.

Thereafter, on January 12, 1953, appellant filed what he designated a "Motion to Modify the Judgment." In this motion appellant set up the alleged facts and circumstances that had entered into the execution of the property settlement out of court and the provision therein set out that had been agreed upon with respect to the child's support. And based on such allegations, his prayer for modification of and relief from the original decree reads: "Wherefore, defendant prays that the court hear evidence upon matters as herein alleged, and that the settlement agreement be enforced, or in the alternative, that the value of the community interest of the plaintiff and also the value of the Strand Theater at the time of its transfer may be shown, and that the said judgment be so reformed as to allow an abatement of the award for the support of the child to the extent of the value of the difference between the plaintiff's community interest and the value of the Strand Theater at the time of its delivery, and that the said judgment be so reformed to meet with this finding, and for all further relief he may show himself entitled in law or in equity, and he will ever pray * * *."

Upon the hearing in which the litigants appeared and adduced evidence in support of the issues raised by their pleadings, the court amended the original judgment by reducing the amount thereafter required to be paid by appellant for the support of the child from $50 to $40 per month. In all other respects the court refused to modify or change the original decree. This refusal to modify or change the original decree other than as above stated raises the sole question on this appeal, namely, the legal consequences of the property settlement in so far as it affects the responsibilities of the respective litigants for the future support of this child under the provisions of Art. 4639a, Vern.R.C.S. of Texas.

Litigants entered into a settlement of property rights out of court. Under this settlement evidenced in writing, appellant conveyed to his wife and she accepted the Strand Theater or picture show at Big Sandy, Texas, "for her interest in the community property belonging to the two of us, with the distinct understanding and agreement" as herein specifically stated, "that I (wife) am not to ask the judge of the district court of Franklin County for any child support whatever, and that should the judge grant or award me (wife) child support for said child, that then and in that event I (wife) am not to, at any time, under any circumstances, try to collect or enforce that provision of the judgment awarding to me any sum of money against you (husband) for child support."

The theater was valued, as stated in the agreement at $15,000. It was his separate property. He owned other separate property and the two owned community property. In her petition for divorce she alleged that they had entered into a written agreement in settlement of their property rights, asked for custody of the child and a $50 monthly allowance for the child's support. Appellant waived service of process and did not appear in person or by attorney at the hearing. The written agree-

ment was made a part of the divorce decree only by reference. The decree recites that she understood the nature and extent of such community property, was satisfied with it and she was there receiving her share of same, and concludes "that this settlement agreement theretofore entered into between them be in all respects approved and adopted as the judgment of the court with respect to community properties." The reason the trial court refused to approve the agreement as to child's support is reflected in the testimony of her attorney, as follows: "I would not say that I went into details in explaining the agreement to the court, but I am sure I advised Judge Williams in substance what the property settlement was * * * that the parties had agreed upon a property settlement and that Mrs. DeViney was not asking for child support." "Judge Williams stated that in his opinion it was mandatory that he make some allowance for the child, and that he was going to set the amount for monthly support at $50 per month; and that it would be optional with Mrs. DeViney whether she enforced that portion of the judgment or not."

The theater deeded to her represented an excess of her total interest in the community. It appears that the proposal to accept the theater as her share of the community coupled with her agreement not to demand support for the child came from her. She had been employed by appellant in the theater for two or three years prior to their marriage and was familiar with its operations and revenues. Her subsequent insistence upon the provisions of the original decree with respect to the $50 monthly allowance represents an inequitable repudiation of her agreement that she had freely and fairly entered into. Her alleged subsequent unprofitable operation of the theater coupled with her extravagant spending for expensive automobiles and extended pleasure trips may account for this teen-age wife's present repudiation of her agreement. Her present outside employment on a salary and her mother's operation of the theater probably is the result of her indiscreet handling of her funds, some of which she inherited.

■ The nonsupport provisions in the written agreement, although not incorporated in the original decree, may form the basis for a cause of action in favor of appellant against his former wife in an independent suit against her grounded on a breach of such agreement. Such action in an independent suit is recognized in Hyman v. Brady, Tex.Civ.App., 230 S.W.2d 345, when weighed with the companion decision of Brady v. Hyman, Tex.Civ.App., 230 S.W.2d 342. It stands here as a contract between them. The validity of agreements between spouses with respect to child's support has been recognized and upheld in Scott v. Fort Worth National Bank, Tex.Civ.App., 125 S.W.2d 356, 363; Snipes v. Snipes, Tex.Civ.App., 174 S.W.2d 741; Belstrom v. Belstrom, Tex.Civ.App., 144 S.W.2d 614, 615; and Ashby v. Gibbon, Tex.Civ.App., 69 S.W.2d 445. In each of above decisions, cited by appellant, the agreement as to child support was incorporated into the judgment, and each was grounded on the import of section 2 of Art. 4639a, supra, which reads: "This Act shall be cumulative of all other laws upon the same subject, and is not intended to repeal any other law upon the subject of the care or support of such minors."

■ Society in its efforts to protect the helpless victims of broken homes has caused to be enacted Art. 4639a. The provisions of this article are set out verbatim in McAfee v. McAfee, Tex.Sup., 255 S.W.2d 185, 186, and it is unnecessary to repeat its provisions here. Both litigants recognize the validity of the original decree and the legal power vested in the trial court to enter same. This agreement made out of court, or if it had been incorporated in the judgment, "does not take away from the district court the power and authority to alter or change such judgment. It is the duty of the district court to exercise at all times under proper circumstances the power and authority which is given to it by the above provision of the statute." "No agreed

judgment could be entered with reference to the support and maintenance of minor children under the age of sixteen years which would preclude a district court from thereafter exercising the powers and duties given such court by the provisions of Art. 4639a, § 1". Hardin v. Hardin, Tex.Civ. App., 247 S.W.2d 614, 615. In the final analysis here any modification or change in the amount specified for the child's support rests in the sound discretion of the trial court in the application of the provisions of Art. 4639a, supra, until this child reaches the age of 16 years.

The judgment is affirmed.