## KENNEDY v. KENNEDY.

### No. 5017.

Court of Civil Appeals of Texas.

El Paso.

March 31, 1954.

Rehearing Denied April 21, 1954.

246

Andress, Lipscomb & Peticolas, El Paso, H. O. Metcalfe, Lucius D. Bunton, Marfa, for appellant.

Norman C. Davis, Marfa, Brian. Montague, Del Rio, for appellee.

FRASER, Justice.

This suit originated in the District Court of Jeff Davis County, 83rd Judicial District, by a motion filed by appellant in a divorce suit in which the judgment was rendered on January 30, 1952. The purpose of appellant's motion was to procure a reduction in the amount awarded in the divorce suit for support of two minor children of appellant and appellee, whose custody was awarded to appellee in the divorce suit. The decree contained a provision that for a period of sixty days during the period between the dates of June 1 and August 31 of each year including the year of 1952, appellant should have the right to take the children at his expense and keep them at his home or ranch in Jeff Davis County, and at the expiration of said sixty days to return them to appellee. By paragraph 16 of her first amended original reply appellee alleged that subsequent to the date when the decree of divorce was rendered appellant had married Mrs. Alyne Trout Rawls, and that the minor daughter of Mrs. Rawls lived with appellant and her mother on the ranch, and that while the children of appellant and appellee were in the custody of appellant conditions surrounding them and the environment in which they were placed was unwholesome and adverse to their interests and welfare; that they were continuously subjected to improper suggestions and advice in respect to their mother and were witnesses and present at the drinking of intoxicating liquors by their father and stepmother, and constantly harassed and nagged at to the extent and in such manner as to be most harmful to their physical and mental makeup; that when returned to her custody it was necessary to give such children medical attention to restore them to a state of normalcy; that by reason of such changed conditions and of the unnatural, improper and unwholesome surroundings to which said children would be subjected were appellee required to comply with the existing judgment granting the appellant custody of the children during two months of each summer, irreparable injury and damage would be caused to the children. Appellee prayed that so much of the judgment or decree of divorce entered in the District Court of Jeff Davis County be changed and amended and that she be granted the full, complete and entire custody of the children, subject to the right of reasonable visitation by appellant. To this pleading appellant filed a plea of misjoinder of causes of action, in that appellee sought to resist the motion to reduce the payments required under the former judgment of divorce, and in addition thereto sought to increase the amount allowed and sought to change the previous order so as to give her the custody of the children for full time; that the cause of action insofar as it related to the custody of the children was a separate and independent suit and should not be adjudicated in the proceeding. This plea was overruled by the court and appellant's first point of error is that the court erred in so ruling.

■ Under Art. 4639a, Vernon's Ann. R.C.S. the court granting the divorce was not clothed with continuous exclusive jurisdiction or venue of future actions to relitigate and readjudicate the custody of the children. After the enactment of this article as prior thereto the judgment as to custody was a final judgment and could only be relitigated in an independent suit in a court of competent jurisdiction because of changed conditions. Lakey v. McCarroll, 134 Tex. 191, 134 S.W.2d 1016, 1021. The court there said:

"Manifestly, the power given by the statute to alter, change, and suspend divorce judgments as the facts and circumstances and justice may require only has reference to that part of the divorce decree dealing with orders requiring either or both parents

-to make contributions for the support of their children under sixteen years of age. As already stated, the Act manifests no legislative intent to ·clothe the divorce court with continuous, exclusive jurisdiction or venue of all future actions to relitigate and readjudicate custody of children under sixteen years of age on account of changed conditions."

By paragraph 16 of her first amended original reply to the motion filed by plaintiff defendant alleged facts sufficient to maintain an independent suit for change of custody of the children because of changed conditions. The District Court of Jeff Davis County unquestionably had jurisdiction of such a suit. The fact that it was filed in reply to plaintiff's motion in the divorce suit did not change its character as an independent suit. The trial court under the broad power vested in him by Rule 51, T.R.C.P. had the power to consolidate this suit with plaintiff's motion to reduce the payments for support of the children. This is in effect what the trial court did. We hold that there was no error in his so doing and overrule appellant's first point.

The second point is that the trial court erred in construing the original judgment entered in the divorce suit to be a consent judgment based upon contract, and in holding same was not a judicial determination or decree of the matters involved. The court reduced the monthly payments for the support of the children provided in the divorce decree from $500 per month to $300 per month as prayed by plaintiff, and then the judgment provides:

"Nothing contained in the above and foregoing order as specified in the last preceding paragraph hereof, shall affect the financial obligations assumed by Applicant, as Plaintiff, James Peeler Kennedy, in the contract bearing date of January 22, A. D. 1952, made and entered into by and between said Plaintiff (Appli-

cant), James Peeler Kennedy, and the Defendant, (Respondent), Mrs. Margery Speer Kennedy, in contemplation of divorce, but the provisions in this decree as ordered in the immediate preceding paragraph hereof shall relate only to the liabilities imposed upon Plaintiff (Applicant) under and by virtue of the original decree dated January 30, A. D. 1952, and the provisions of Article 4639a, Section 1, Vernon's Annotated Civil Statutes of Texas, 1925, and which may be enforced by contempt proceedings."·

It is appellant's contention under his point 2 that this provision of the judgment merely protects him against contempt proceedings so long as he pays the $300 therein provided, but does not relieve him from liability in a civil suit for the difference between the $300 and the $500 provided to be paid in the original decree of divorce. When the suit for divorce was pending before the court the parties entered into an agreement denominated "Property Settlement Agreement." The eighth paragraph of this agreement provides:

"In the event the court should award to Second Party custody of the two minor children of the parties, it is expected by the parties that the court will order First Party to make periodic payments to Second Party for the benefit of said two minor children. In such event, First Party agrees that he will pay and that he will not contest a provision in the decree to be entered in said suit requiring that he pay to Second Party the sum of Five Hundred Dollars ($500) each month for the support, maintenance, and education of said two children, until the older of said two children shall have reached the age of twenty-one (21) years, and the sum of Two Hundred Fifty Dollars ($250) each month for the same purposes until the other of said children shall have reached the age of twenty-one (21) years."

The decree of divorce recites that the main action and cross-action came on to be heard and the parties presented their pleadings and evidence and that the court having heard and considered the same finds that the law and the facts are with the defendant Margery Speer Kennedy and orders James Peeler Kennedy to pay to Margery Speer Kennedy for the care and support of the children the sum of $500 on February 1, 1952, and a like sum on the first day of each month thereafter until James Peeler Kennedy III shall reach the age of 21 years, and thereafter the sum of $250 on the first day of each month until Charles Kennedy shall reach the age of 21 years. The judgment further recites that the court further finds that the parties have entered into a property settlement agreement the exact terms of which are as follows, and then sets out the agreement, which the parties signed in full.

 There have been several cases in our appellate courts involving problems similar to these, and those courts have held that an agreed judgment is interpreted like a contract between the parties, and that consent judgments rendered pursuant to written agreements become contracts between the parties. Missouri, K. & T. R. Co. of Texas v. State, Tex.Civ.App., 275 S.W. 673; Pendery v. Panhandle Refining Co., Tex.Civ.App., 169 S.W.2d 766; Prince v. Frost-Johnson Lumber Company, Tex. Civ.App., 250 S.W. 785. Courts have also held that a provision for child support may properly be part of a settlement agreement made in contemplation of divorce. Snipes v. Snipes, Tex.Civ.App., 174 S.W.2d 741; Plumly v. Plumly, Tex.Civ.App., 210 S.W. 2d 177; Mobley v. Mobley, Tex.Civ.App., 221 S.W.2d 565. The San Antonio Court of Civil Appeals, speaking through Judge Norvell in Brady v. Hyman, 230 S.W.2d 342, 344 and Hyman v. Brady, 230 S.W.2d 345, said as follows:

"A mother who has had little business experience may agree to her husband's taking a larger share of the community property in consideration of his promise and undertaking to adequately provide for the children placed in her custody. Such agreements will be respected and enforced as a part of a contractual settlement made in contemplation of divorce * * *."

These two cases held that Mrs. Brady was entitled to recover judgment in an action based upon such type of contract and agreement. The opinion of Judge Norvell contains a very informative summation of the authorities dealing with this class of case. To the same effect is the case of Hardin v. Hardin, Tex.Civ.App., 247 S.W.2d 614.

It will be noted that paragraph one of the original agreement between the plaintiff and defendant stated as follows:

"Now Therefore, the parties hereto do mutually *agree* as follows: (1) *This agreement* is made subject to the approval of the court by decree rendered in said suit for divorce and *shall be effective from and after its being approved and confirmed by said decree* (emphasis ours), and each party hereby applies to the court for approval of this agreement, stating that it is fair, just and right, and not to the disadvantage of Second Party, and agrees that it may be made a part of said decree."

█ The above quoted paragraph is a part of a rather long document entered into and signed by both parties in contemplation of divorce, and in an obvious attempt to compose all possible grounds of conflict except the actual grounds for divorce. The divorce itself indicates that there was no opposition or controversy at the actual trial and no fault found with the terms of this entire agreement relating to the settlement and division of property and the amount to be paid for the support of the children. We think that the trial court was within his power and authority to render the judgment that he did. It is clear that the instant case comes under the holdings in the cases cited above. The parties here entered into a contract which became effective by its terms after confirmation by the trial court, and by the terms of which Mr. Kennedy

obligated himself in a contractual capacity to support his children in the amounts that were stated in the judgment. Appellee agreed to the terms both by accepting the payments after executing the agreement, and specifically by the language of the instrument, especially when she says that the same is just and fair and applies to the court for approval of same. We do not think the finding of the trial court destroys the contractual feature, as it is clearly a consent judgment insofar as it deals with property and child support. We think the trial court's disposition of the matter was correct and overrule appellant's points to the contrary.

■ Appellee claims error on the part of the trial court in refusing to impose a trust or lien upon property of appellant to secure the payment of the sums mentioned in the agreement. While it is clear that trial courts have the authority under proper circumstances to hypothecate property and impose trusts for this purpose, a study of the record indicates that the trial court was correct in declining to grant the application of appellee, as the evidence indicates only several derelictions or delays in part payment, and is in our opinion not sufficient to indicate that the trial court abused his discretion by declining to grant the application. This point is overruled.

Appellant's points of error are all overruled, and finding no error the judgment of the trial court is therefore affirmed.

McGILL, Justice (dissenting).

I am unable to agree with that portion of the majority opinion and judgment which in effect holds that paragraph eight of the "Property Settlement Agreement" evidences an enforceable contract by which appellant agreed to pay to appellee the sums therein specified for support of the children, regardless of change in conditions or any change that the court should make with reference to the support of the children, as specified in such paragraph.

Manifestly the parties could not enter into an enforceable contract which would in any way impair or curtail the power and authority of the court to alter or change the provision for support contained in the decree of divorce. Such power is specifically conferred on the court by Art. 4639a, R.C.S. The majority opinion by construing this paragraph as an enforceable contract whereby appellant agreed to pay to appellee the sums therein specified for the support of the children unduly emphasizes the language "First party agrees that he will pay" and entirely ignores the language "that he will not contest a provision in the decree to be entered in said suit requiring that he pay to Second Party the sum of Five Hundred Dollars ($500.00) per month", etc. That the parties did not so construe this paragraph of the agreement is borne out by the fact that appellant sought to have the amount provided in the divorce decree decreased, and that the appellee in paragraph fourteen of her first amended original reply sought to have such monthly payments increased to the sum of $1,000 per month. In my opinion the correct construction of this paragraph is that the parties, in order to avoid the necessity of proof as to the amount that should be provided in the decree for support of the children, were merely agreeing that the stipulated amounts in paragraph eight should be inserted in the decree. This construction is borne out by paragraph one of the agreement quoted in the majority opinion whereby it is stated that the parties do mutually agree that the stipulated amounts may be made a part of said decree. Since the court by Art. 4639a, R.C.S. retained continuing jurisdiction to alter or change the amounts provided for support of the children, as held in Lakey v. McCarroll, cited by the majority, it seems to me that paragraph eight evidences nothing more than a consent by the parties that such amounts might be inserted in the decree, and did not evidence any enforceable contract that should be binding on either party, regardless of future conditions and circumstances.

In my opinion the judgment should be reformed so as to eliminate the paragraph of which appellant complains, and to clear-

250

ly indicate that when appellant has complied with the order of the court changing such amounts specified in the decree of divorce he has fulfilled his obligation and is not liable for any additional amounts. Therefore, I respectfully dissent from this portion of the opinion and judgment.