Herman G. EASTERLY, Appellant,

v.

Virginia Easterly FILIDEI et vir,
Appellees.

No. 12945.

Court of Civil Appeals of Texas.

Galveston.

Feb. 16, 1956.

Rehearing Denied March 8, 1956.

John T. Lindsey, Port Arthur, for appellant.

Lockhart, Watson & Peterson, Edward T. Watson, Galveston, for appellees.

GANNON, Justice.

This appeal by Herman G. Easterly is from an order of the 10th District Court of Galveston County, Texas, sustaining a plea of res judicata asserted in answer to a petition filed by Herman G. Easterly against his divorced wife, Virginia Easterly Filidei, and her husband, seeking to relitigate on allegations of changed conditions the question of custody of the minor child of plaintiff and defendant, Virginia Easterly Filidei.

In his petition filed in the Galveston court, Herman Easterly alleged that he and the defendant, Virginia Easterly Filidei, were formerly husband and wife and that during the marriage there was born to them a girl child, Claudia Rae Easterly, who at the time of the institution of the suit in Galveston County was approximately seven years of age. Plaintiff further alleged that he and his former wife, Virginia Easterly Filidei, were divorced on the 18th day of March, 1953, by decree of the District Court of Orange County, Texas, in cause No. 7178 on the docket of that court, the decree containing a provision awarding the care, custody and control of the minor child to the mother, Virginia Easterly, now Virginia Filidei. There were additional allegations that the decree was silent on plaintiff's right of visitation and that plaintiff desired partial custody of said child, particularly during the summer months, the right to remove the child temporarily from the jurisdiction of the State, etc. Plaintiff's petition constitutes an independent suit to change and modify the provisions of the divorce decree awarding undivided custody to the mother. In support of his prayer, plaintiff alleged material change of conditions since the granting of the original decree of divorce and custody which warranted and demanded the relief sought by plaintiff. After setting out certain acts and conditions occurring and arising after the decree of March 18, 1953, the petition alleges specifically: "and such acts, each and all, constitute grounds for a modification of the judgment and decree of divorce to the extent of awarding a parttime custody of the minor child to the Plaintiff as herein specifically alleged in the preceding paragraphs."

The defendants answered in limine by plea of res judicata, the prayer of which reads: "Wherefore, Defendants pray that this suit be dismissed and that defendants have their costs." The plea of res judicata is followed by certain special exceptions to

plaintiff's petition and by a pleading to the merits admitting some and denying other of the material allegations in the petition.

The plea of res judicata sets up matter which is conceded by plaintiff to be true, but which he claims is ineffective to support the plea. The facts relied on by defendants in support of the plea are: Between the date of the original custody decree, March 18, 1953, and January 6, 1955, the parties fell into dispute in regard to the right of plaintiff to visit his child and to remove her from her residence, the same being in Galveston, the city and county of the residence of defendants. This state of affairs resulted in defendant, Virginia Easterly Filidei, filing a motion on the 6th day of January, 1955, in the District Court of Orange County, Texas, in the original divorce suit, seeking a decree limiting plaintiff's right of visitation and requiring that plaintiff not be allowed when visiting with his child to remove her from the City of Galveston, Texas. Plaintiff, Herman Easterly, was cited on said motion and responded thereto by answer, which included a plea in the nature of a cross-action. In this pleading he alleged: "that he is, as a matter of Law, entitled to constant and frequent visitations with his child as well as visits with the child with him. That he should have the custody of at least six (6) week-ends during the calendar year from Friday evenings until Sunday nights, or from Friday mornings until Monday nights, during the vacation period, and at times that will not interfere with the child's school work. Moreover, he should have permission to visit the child once weekly, the child to be returned at reasonable times and especially permission to take the child within a radius of fifty (50) miles from Galveston, Texas. Your Respondent asserts that he should be granted the permission to take the child out of the State of Texas to visit his parents during the summer vacation and at which time, as aforesaid, his vacation will begin. That the said Petitioner should be ordered to refrain from turning the Child's affection away from him."

These allegations are followed by an appropriate prayer for a modification of the original custody decree accordingly, as well as for general relief on the facts pleaded.

The motion of defendant, Virginia Easterly Filidei, and the cross-motion, of plaintiff, Herman G. Easterly, both and each, came on for hearing and were treated as independnt suits seeking modification of the original custody decree by the District Court of Orange County. At the conclusion of the hearing, and on February 10, 1955, the District Court of Orange County entered the following order:

"Ordered, Adjudged and Decreed by the court that the care, custody and control of said minor child, Claudia Ray Easterly, be and remain in the plaintiff, Virginia Easterly Filidei, that that the defendant shall continue to have the right of reasonable visitation with said child, which visitation shall be that the defendant may see and be with the child on any and every Saturday and Sunday from the hours of 9:00 o'clock a.m. to 7:00 o'clock p.m. in the City of Galveston, Texas and the said defendant shall not have the right to take said child from the City of Galveston, Texas until further order of the court. To which ruling the defendant in open court excepted."

The instant suit in the District Court of Galveston County was filed seven days later, on February 17, 1955. There is no effort by plaintiff, Herman Easterly, in the Galveston County suit to allege any changed conditions since the entry of the decree of February 10, 1955, by the District Court of Orange County, Texas. On the contrary, in the Galveston County case all the allegations of subsequent change of conditions relate to the date of the entry of the decree in the divorce action, March 18, 1953. In the District Court of Galveston County, plaintiff, Easterly, apparently recognizes that the decree of February 10, 1955, entered by the District Court of Orange County, which adjudicated the very matters

which plaintiff seeks to bring in issue by the Galveston County case, would bar his action, if valid; but it was plaintiff's contention before the Galveston County District Court, and it is his contention here, that the order of February 10, 1955, of the District Court of Orange County is void. That contention is the sole basis of this appeal. We overrule the contention.

■ Plaintiff cites several cases, including Lakey v. McCarroll, 1940, 134 Tex. 191, 134 S.W.2d 1016; Kennedy v. Kennedy, Tex.Civ.App., 267 S.W.2d 245; Goodman v. Goodman, Tex.Civ.App., 236 S.W.2d 641; and Steele v. Steele, Tex.Civ. App., 251 S.W.2d 258, all holding that the court originally adjudicating the right of custody of a minor child does not have *exclusive* jurisdiction of a new independent suit seeking to modify such decree of custody based upon change of conditions subsequent to the entry of the decree. However, none of these cases supports appellant's contention, "that the District Court of Orange County, Texas, * * * had no power or jurisdiction conferred upon it by statute or by the constitution of the State of Texas," to entertain jurisdiction of an independent suit based upon change of conditions subsequent to the original divorce decree seeking to modify the provisions of that decree awarding exclusive custody to the mother. Some of these cases do support the proposition that a defendant in such an independent suit is entitled upon pleading privilege to have venue of the suit transferred to the county of the domicile of defendant, but none of them, as is contended by appellant, is authority for appellant's contention that the District Court of the domicile of defendant in such a suit has exclusive jurisdiction.

■ We hold, as did the trial court, that the decree of the District Court of Orange County of February 10, 1955, is res judicata of the right of custody of the minor child involved in so far as such right of custody is sought to be supported by change of conditions occurring prior to February 10, 1955. Since plaintiff's petition does not allege or seek to allege any change of conditions occurring subsequent to February 10, 1955, but on the other hand is consistent with the idea that the change of conditions upon which he relies for relief occurred prior to that date, he is barred by the decree of the District Court of Orange County, Texas, of February 10, 1955, which we hold to be valid and effective and fully within the power and jurisdiction of the District Court of Orange County to render.

■ At the oral argument, we expressed doubt of the finality of the trial court's judgment since it does not in express terms dismiss plaintiff's suit, nor decree that defendants go hence without day; however, on further consideration and in the light of the prayer for relief under defendants' plea of res judicata, we construe the trial court's judgment sustaining the plea as awarding the relief sought thereunder, to-wit: dismissal.

Affirmed.