**Richard Eugene JENNINGS, Appellant,**

**v.**

**Laura Lee Turner Jennings HONEA et vir, Appellees.**

**No. 4351.**

Court of Civil Appeals of Texas.

Waco.

March 18, 1965.

Wm. A. Robertson, Houston, for appellant.

Thomas J. Ryan, Houston, for appellees.

TIREY, Justice.

This is an appeal from an order denying a motion to reduce payment of child support previously ordered in decree of divorce between the parties. The order is assailed on three points. They are:

(1) "The court abused its discretion in refusing to reduce the child support payments in line with the agreement of the parties approved by the trial court when the oldest of three children reached the age of 18 years because there is no evidence denoting increased expenses for the remaining two children below the age of 18 years.

(2) "The court abused its discretion in refusing to reduce the child support payments in line with the agreement of the parties approved by the trial court when the oldest of three children reached the age of 18 years because the overwhelming preponderance of the evidence shows that there are no increased expenses for the remaining children below the age of 18 years.

(3) "The court as a matter of law committed error in failing to give effect to the agreement of the parties which was approved by the trial court and filed with the records of the cause providing for automatic reduction as each child reached the age of 18 years."

Each of the foregoing points is overruled for reasons hereinafter briefly stated.

The divorce decree was entered on November 5, 1962, and in the order we find the following recitations:

"* * * after investigation of the financial circumstances of both plaintiff and defendant, as well as the needs, station in life and condition of said minor children, that defendant, Richard Eugene Jennings, is able to contribute to the support and maintenance of said children in the sum of Three Hundred Dollars ($300.00) per month until

said children have attained the age of eighteen years; * * *."

And the court decreed accordingly.

It is true that the parties, prior to the divorce decree, entered into a property settlement at the time the divorce was granted. The parties had three children under 18 years of age, and their settlement agreement provided that the defendant pay the sum of $100.00 per month for the maintenance and support of each child, and further provided: " * * * that as each child becomes eighteen years of age, the monthly payments will be decreased to the extent of one-third of the full amount."

The court's decree did not follow the above provisions of the agreement but decreed as heretofore stated. It was stipulated that the oldest child, Richard Jennings, reached the age of eighteen years on March 18, 1964, and the father filed his motion to reduce the child support payments on May 16, 1964. Appellant's motion for reduction was grounded on the fact that the oldest boy had attained his 18th birthday, and that this was a material change that authorized the reduction in the support payments as a matter of law, and further because of the agreement of the parties. On trial we find this statement by the court:

> "I think the fact that you have stipulated that one of the children is now eighteen years of age is sufficient for a material change.
>
> "Mr. Ryan: Then I think that—You want to hear evidence on increased expenses?
>
> "The Court: Yes, sir."

The appellee testified in part:

"Q. Would you recite to the court briefly the increase in expenses you have incurred for the support of your minor children since the time of the divorce?

"A. Well, he knew how much eighteen year olds cost. Richey had been told by Dr. Jennings that Dr. Jennings would send him to college last year, but he refused to do that, and Richey is a 'B' student and has now made application to the University of Houston and has been accepted, and this entails a lot of money. He wants to be a lawyer, and he feels very rejected anyhow because of the fact Dr. Jennings is trying not to pay for him and never sees him.

"Q. Prior to the time—is he undergoing medical treatment?

* * * * * *

"A. Yes.

* * * * * *

"Q. Has your rent been increased since, or mortgage payment been increased since the divorce?

"A. Yes. We had to sell the house to pay Dr. Jennings off in the divorce settlement, and we couldn't find an apartment, an inexpensive apartment that would take five children, so we have one that costs $250 a month, and we are trying to get enough money to get a house so each of the children can have their own rooms.

"Q. You also keep the books in your family on food costs and things like that. Have you found they have increased since the time of your divorce?

"A. No, honestly they haven't been increased. Teenagers eat a lot from fifteen on up.

"Q. You spend more money because of the children?

"A. Oh, yes.

"Q. Have you found that also to be true in their clothing?

"A. Oh, yes. Richey wears mens' clothes and mens' shoes.

"Q. Now, my understanding is he is seeking a reduction of $100. Would you state whether or not your expenses have increased at least $100 since the time of the divorce?

"A. We spend over $100 a month in doctor bills on Richard."

Dr. Jennings, the father, testified to the effect that he was employed by the University of Texas at some $18,000.00 per year; that he also had another contract with Colgate for $3000.00 per year, but that that contract was due to expire. He further testified to the effect that his contract with the University of Texas was made each year and that there was a possibility that he would get a $1000 raise.

Article 4639a, as amended, Vernon's Ann.Civ.St. art. 4639a, is controlling here. The last part of the Article provides:

"Said court shall have power and authority to alter or change such judgments, or suspend the same, as the facts and circumstances and justice may require, upon notice to such parent as above provided for, or with his or her consent."

This article has been construed by our Appellate Courts many times and they have consistently held that the District Court is vested with full power and authority to fix the amount of the support orders and such order is, of course, subject to modification by the court. See Brady v. Hyman, Tex.Civ.App., 230 S.W.2d 342, n. w. h.; also Hardin v. Hardin, Tex. Civ.App., 247 S.W.2d 614, n. w. h. Section 1a. of Article 4639a, provides:

"The person or persons to whom the payments above provided for are made under the judgment of the Court shall file sworn monthly reports with the Clerk of the Court before which the cause is pending setting out an itemized statement of the expenditure of such sum or sums of money as may have been received showing in detail the

manner in which such money has been spent. The report so filed shall be examined and approved or disapproved by the Judge before which said cause is pending."

■ There is nothing in the record to indicate that this provision of the statute has been complied with, nor was any complaint made in the court for the appellee's failure to do so. So, the appellant here is relying on the fact that because the separation agreement stipulated that the payments for support should be reduced by $100 when each child attained his 18th birthday, that he is entitled, as a matter of law, to have the support payments reduced. Since the Trial Court, under the evidence tendered, refused to reduce the support order payment, we think the burden rested upon appellant to show an abuse of discretion, and this we think he has failed to do. See Ex parte Eaton, 151 Tex. 581, 252 S.W.2d 557, 560; Scott v. Fort Worth Nat. Bank, Tex.Civ.App., 170 S. W.2d 576; DeViney v. DeViney, Tex.Civ. App., 269 S.W.2d 936, writ ref., n. r. e.; Madden v. Madden, Tex.Civ.App., 365 S. W.2d 427, n. r. e. Our Supreme Court in Gully v. Gully, 111 Tex. 233, 231 S.W. 97, p. 98, 15 A.L.R. 564, made the following pronouncement:

"Though both parents are under the duty, legal as well as moral, to support and educate their children during minority, the duty rests primarily in this state, without doubt, upon the father."

See also Angel v. Todd, Tex.Civ.App., 368 S.W.2d 224, n. w. h. Brito v. Brito, Tex.Civ.App., 346 S.W.2d 133, n. r. e. The foregoing pronouncement has not been changed by our Supreme Court nor by statute.

■ We have carefully considered the entire record in this cause and we are of the view that the appellant has failed to carry his burden of showing that the Court abused its discretion in refusing to reduce the child support payments (see Beaird v.

Beaird, Tex.Civ.App., 380 S.W.2d 730, points 1 and 2), and the Court's refusal to make such reduction is not against the overwhelming weight and preponderance of the evidence. See In re King's Estate, 150 Tex. 662, 244 S.W.2d 660.

Each of appellant's points is overruled and the judgment of the trial court is affirmed.