JOSEPH L. WARD, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Ward v. Commissioner
Docket No. 3197-78.
United States Tax Court
T.C. Memo 1979-252; 1979 Tax Ct. Memo LEXIS 273; 38 T.C.M. (CCH) 1006; T.C.M. (RIA) 79252; July 3, 1979, Filed Thomas A. Falik, for the petitioner. Eddie L. Gibson, for the respondent. DAWSON
MEMORANDUM OPINION DAWSON, Judge: Respondent determined deficiencies of $3,373, $3,372, and $4,097 for the years 1973, 1974, and 1975, respectively. The only issue presented for decision is whether petitioner is entitled to deduct certain payments incident to a divorce as alimony under section 215. [1]
*274 This case was submitted fully stipulated pursuant to Rule 122, Tax Court Rules of Practice and Procedure. The stipulation of facts and joint exhibits are incorporated herein by this reference.The pertinent facts are summarized below. Joseph L. Ward (petitioner) was a resident of Houston, Texas, when he filed the petition in this case. On or about July 21, 1972, petitioner and his wife, Betty Mae Ward (hereinafter Betty), were separated. On September 25, 1972, petitioner and his wife entered into an agreement entitled "Agreement for Division of Marital Property and for Support." In addition to providing for a division of their marital property, the agreement required petitioner to make payments "to Wife for her and the parties' minor children's support and maintenance." [2] On January 18, 1973, petitioner and Betty were granted a divorce in Texas. The divorce decree not only formally approved and incorporated by reference the written agreement of the parties, but also specifically ordered petitioner to "pay support and maintenance to Petitioner (Betty) for the parties' minor children." [3] The amounts paid and deducted by petitioner during the taxable years in issue, and the *275 amounts disallowed by respondent, are as follows: Year
Amount Glaimed
Amount Disallowed
1973
$7,192.00
$5,500.00
1974
6,057.00
6,000.00
1975
6,000.00
6,000.00
*276 The claimed deductions were disallowed to the extent that respondent determined them to be child support payments fixed by the divorce decree. Section 215 allows a husband to deduct amounts includable under section 71 in the gross income of his former wife. Under the general rule of section 71, [4] the wife's gross income includes periodic payments received in discharge of a legal obligation imposed on a husband under a decree of divorce or separate maintenance or under a written separation agreement. Section 71(b) provides that this general rule shall not apply to any amounts paid which are fixed in the decree or agreement as payable for the support of minor children. If the instrument merely calls for payments to be made "to the spouse for her support and the support of minor children," however, none of the amount is considered nondeductible child support. See Commissioner v. Lester,366 U.S. 299, 305 (1961).
*277 Petitioner contends that neither the written agreement nor the court decree specifically designated any portion of the payments as child support. He argues that the court's approval and incorporation of the separation agreement in the decree conflicts with other language in the decree ordering petitioner to pay certain sums to Betty for the support of their children. This ambiguity, he maintains, precludes any portion of the payment from being considered as fixed for child support under section 71(b). Respondent does not challenge petitioner's construction of the separation agreement, which by itself clearly fails to fix any amount for child support. He does maintain, however, that in spite of the incorporation of the separation agreement in the subsequent divorce decree, the decree operated to fix a portion of the amounts payable under the agreement as child support. We agree with respondent. Attendant to an action for divorce under Texas law, the "Court may order either or both parents to make periodic payments or a lump-sum payment, or both, for the support of the child until he is 18 years of age in the manner and to the persons specified by the Court in the decree." *278 Tex. Fam. Code Ann., tit. II, sec. 14.05(a)(Vernon).Parties to the divorce may not, by their agreement, restrict the court's authority to make any order necessary for the support of their children. Myrick v. Myrick,478 S.W. 2d 859 (Tex. Ct. App. 1972); Murray v. Murray,350 S.W. 2d 593 (Tex. Ct. App. 1961); De Viney v. De Viney,269 S.W. 2d 936 (Tex. Ct. App. 1954); Hardin v. Hardin,247 S.W. 2d 614 (Tex. Ct. App. 1952). Section 14.06(b) of the Texas Code also provides that child support provisions in separation agreements may be subject to court scrutiny. Whether payments are ordered by the court pursuant to a divorce decree or made part of a separation agreement, such provisions may be modified or altered on subsequent application to the court under certain situations. Texas law does limit, however, the court's authority to subsequently modify or alter child support payments if the court has merely incorporated a separation agreement by reference in the decree. In that situation the child support provisions are not modifiable. Duke v. Duke,448 S.W. 2d 200 (Tex. Ct. App. 1969). Such a prohibition *279 is predicated upon a belief that by mere incorporation into the divorce decree the duty to provide child support subsequent to the divorce arises only as a result of the parties' agreement, and not by exercise of court authority under section 14.05(a) of the Texas Code. Duke v. Duke,supra at 202. If the court does not merely incorporate a child support provision from a separation agreement in the divorce decree, its authority to subsequently modify or alter the amount of support is undiminished. Mobley v. Mobley,221 S.W. 2d 565 (Tex. Ct. App. 1949), is illustrative. In Mobley the parties to the divorce had previously entered into a separation agreement which settled property rights and required the husband to pay $200 per month in child support until the children finished school. The divorce decree, however, contained the following provisions (221 S.W. 2d at 566): It is further ordered that the care and custody of Robert Vernon Mobley and Barbara Sue Mobley is hereby awarded to the Defendant; the Plaintiff shall have the right to visit and be visited by said children at reasonable times; the Plaintiff shall pay the sum *280 of $200.00 per month to the Defendant for the care and support of said children.
It further appears to the Court that all community property rights have been settled out of Court and the Court hereby approves said settlement. * * * The Texas Court of Civil Appeals held that because the support decree was based upon the terms of the statute authorizing the court to provide for child support, it was subject to subsequent modification by that court. The court reasoned as follows (221 S.W. 2d at 567): From an inspection of the face of the divorce decree it appears that the judge rendering the same treated the matter of child support and the settlement of community property rights as separate matters. The paragraph relating to child support does not show that it was based upon an agreement of the parties. In fact, it does not follow the terms of the agreement, in that the provision relating to the length of time during which the payments shall be made--until the children are through with their schooling--is omitted: It is apparent, therefore, that there must be evidence of an intent to exercise statutory authority under sec. 14.05(a) if the power of the court to alter *281 the support obligation is to be preserved. [5]
*282 Petitioner argues that Mobley is distinguishable from the present case because in Mobley the court did not specifically approve and incorporate the entire separation agreement. Such a distinction, we think, is immaterial. In the present case, the court had both the authority and the responsibility to insure adequate support for minor children, and it exercised that authority. In addition to setting out the child support obligation as a separate order in the decree, the court altered [6] the amount and duration of the payments called for by the separation agreement (as did the court in Mobley). The facts clearly indicate a deliberate attempt to invoke the authority granted to the court under sec. 14.05(a) of the Texas Code. Thus, notwithstanding the Texas court's approval and incorporation of the separation agreement, it has exercised its statutory powers to fix child support in the decree. Having concluded that the divorce decree specifically designated amounts payable for child support, we are now faced with a simple conflict between a divorce decree which fixes payments for support and a prior separation agreement which does *283 not. As we observed in Thomson v. Commissioner,42 T.C. 825 (1964), affd. sub nom. Metcalf v. Commissioner,343 F.2d 66 (1st Cir. 1965), section 71(b) is written in the disjunctive. When both the decree and the agreement are effective and enforceable, it is necessary only that one or the other fix an amount as payable for child support. In the instant case the fixing of payments in the decree overrides the lack of specificity in the agreement. Petitioner argues that our opinion in Tinsman v. Commissioner,47 T.C. 560 (1967), should control here. We cannot agree. That case dealt with two decrees from different jurisdictions. The first was a decree of separate maintenance issued in the District of Columbia which specified a single sum for both alimony and child support. The second, a divorce decree issued in Maryland, specified a single sum for child support alone. Since it was unclear whether the later decree was intended to supplant or modify the earlier decree with regard to classification of the payments to the wife, we held that the second decree failed to fix any amount for child support. We are not confronted with *284 a Tinsman situation here. Rather, we have one decree in conflict with a prior separation agreement. It is clear that the delineation in the decree of certain payments as support supersedes the characterization of such payments in the written agreement. Moreover, in Tinsman the amount ordered to be paid under both decrees was identical. We think that coincidence was a material factor in finding a lack of specific designation in the later decree in that case. By contrast, the amount and duration of the payments specified in this case for child support differ from the terms of the separation agreement. [7]
*285 Finally, petitioner contends that the divorce decree is a consent decree under Texas law, which must be construed in accordance with contract law so as to "carry out and effectuate to the fullest extent the intent of the parties." City of Pinehurst v. Spooner Addition Water Co.,432 S.W. 2d 515, 519 (Tex. 1968). The intent of the parties, petitioner argues, was that the payments were to be treated as alimony for tax purposes, not as nondeductible child support. This argument lacks merit. A review of Texas law in this area indicates that only that part of the judgment which was based upon the agreement of the parties is governed by the laws relating to contracts. Plumly v. Plumly,210 S.W. 2d 177 (Tex. Ct. App. 1948); Brady v. Hyman,230 S.W. 2d 342 (Tex. Ct. App. 1950); Lee v. Lee,509 S.W. 2d 922 (Tex. Ct. App. 1974). In the present case the duty to make payments specifically for the support of minor children arose not from the agreement of the parties, but from the exercise of court authority under section 14.05(a) of the Texas Code. Cf. Boyd v. Boyd,545 S.W. 2d 520 (Tex. Ct. App. 1976). *286 Accordingly, we hold that the payments under the decree ordered specifically for the support of minor children are within the purview of section 71(b) and are therefore not deductible by petitioner under Section 215(a). To reflect a concession made by respondent for 1973 and our conclusion on the disputed issue, Decision will be entered under Rule 155.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect for the year in issue, unless otherwise indicated.↩
2. In particular, the agreement called for the following payments over a term of 186 months: (a) $350.00 twice per month for the first sixty-three (63) months of said term; (b) $300.00 twice per month for the next fifty-seven (57) months except if wife has remarried, the amount of (a) or (b) shall be decreased by $100.00 per payment; (c) $200.00 twice per month for the next thirty-six (36) months; (d) $150.00 twice per month for the last thirty months of said term. ↩
3. The amount and timing of the payments ordered in the decree differed markedly from the terms of the written agreement. The decree called for the following: (a) $250.00 twice per month until the parties' eldest child, Brian Joseph Ward, shall attain age eighteen (18) years on December 15, 1977. (b) $200.00 twice per month from December 15, 1977 until the parties' second child, Mary Dawn Ward, shall attain age eighteen years on September 2, 1985. (c) $150.00 twice per month from September 2, 1985 until the parties' youngest child, Scott Patrick Ward shall attain the age eighteen years on March 21, 1988.↩
4. SEC. 71. ALIMONY AND SEPARATE MAINTENANCE PAYMENTS. (a) General Rule.-- (1) Decree of divorce or separate maintenance.-- If a wife is divorced or legally separated from her husband under a decree of divorce or of separate maintenance, the wife's gross income includes periodic payments (whether or not made at regular intervals) received after such decree in discharge of (or attributable to property transferred, in trust or otherwise, in discharge of) a legal obligation which, because of the marital or family relationship, is imposed on or incurred by the husband under the decree or under a written instrument incident to such divorce or separation. (2) Written separation agreement.--If a wife is separated from her husband and there is a written separation agreement executed after the date of the enactment of this title, the wife's gross income includes periodic payments (whether or not made at regular intervals) received after such agreement is executed which are made under such agreement and because of the marital or family relationship (or which are attributable to property transferred, in trust or otherwise, under such agreement and because of such relationship).This paragraph shall not apply if the husband and wife made a single return jointly. (3) Decree for support.--If a wife is separated from her husband, the wife's gross income includes periodic payments (whether or not made at regular intervals) received by her after the date of the enactment of this title from her husband under a decree entered after March 1, 1954, requiring the husband to make the payments for her support or maintenance. This paragraph shall not apply if the husband and wife made a single return jointly. (b) Payments to Support Minor Children.--Subsection (a) shall not apply to that part of any payment which the terms of the decree, instrument, or agreement fix, in terms of an amount of money or a part of the payment, as a sum which is payable for the support of minor children of the husband. For purposes of the preceding sentence, if any payment is less than the amount specified in the decree, instrument, or agreement, then so much of such payment as does not exceed the sum payable for support shall be considered a payment for such support.↩
5. Accord, Ex Parte Hatch,410 S.W. 2d 773 (Tex. 1967); Forney v. Jorrie,511 S.W. 2d 379 (Tex. Ct. App. 1974); Alford v. Alford,487 S.W. 2d 429 (Tex. Ct. App. 1972). If evidence of the court's intent to exercise such authority is lacking, then the court is also stripped of its power to enforce the support obligation via a contempt judgment. See Ex Parte Jones,163 Tex. 513, 358 S.W. 2d 370 (1962). Yet, it is clear that under Texas law the incorporation of a separation agreement in the decree does have legal significance. The agreement becomes an integral part of the judgment, having the same force and effect as any other judgment, and effects a conclusive adjudication of the parties rights in the absence of fraud or mistake. Moreover, in a suit on the judgment to enforce those rights the defendant is precluded from raising any contractual defenses because to do so would sanction a collateral attack on the judgment. Schwartz v. Jefferson,520 S.W. 2d 881 (Tex. 1975); Atkinson v. Atkinson,560 S.W. 2d 200 (Tex. Ct. App. 1977); Peddicord v. Peddicord,522 S.W. 2d 266↩ (Tex. Ct. App. 1975).
6. See footnote 3, supra.↩
7. Had petitioner sought and obtained a modification of the court decree so that the decree conformed precisely with the intent of the written agreement, an entirely different situation would be presented. The record contains no indication of any attempt to modify the decree, however, and we do not reach the issue of whether retroactive modification of the decree would have any consequences insofar as section 71(b) is concerned. Compare Gordon v. Commissioner,70 T.C. 525(1978), Newman v. Commissioner,68 T.C. 494 (1977), and Johnson v. Commissioner,45 T.C. 530 (1966), with Van Vlaanderen v. Commissioner,175 F.2d 389 (3d Cir. 1949), affg. 10 T.C. 706 (1948), and Daine v. Commissioner,168 F.2d 449 (2d Cir. 1948), affg. 9 T.C. 47↩(1947).