### P. B. LAKEY v. R. O. McCARROLL.

No. 7605. Decided January 3, 1940.
(134 S. W., 2d Series, 1016.)

*Stinson, Hair, Brooks & Duke,* of Abilene, for appellant.

The venue of a suit to alter or change a decree of the district court awarding the care and custody of minor children is in the county where the decree was entered granting the divorce and awarding the care and custody of the children. R. S. 1925, Art. 4639a; Gazell v. Garcia, 187 S. W. 410; Black v. Black, 2 S. W. (2d) 331.

*Smith & Smith* of Anson, for appellee.

Judgments of a district court in divorce cases in which a divorce is granted and the custody of minor children are decreed becomes, like all other causes of action, a final judgment at the termination of the term of court at which it was granted and in order to reopen and readjudicate the custody of the minor children it requires a separate and independent cause of action. The venue of a cause of action to readjudicate the custody of minor children after their custody has been awarded in a divorce proceedings, lies in the county of the residence of the defendant in such suit. Keith v. Keith, 286 S. W. 534; Goldsmith v. Salkey, 131 Texas 139, 112 S. W. (2d) 165. O'Quinn v. O'Quinn, 57 S. W. (2d) 397.

*Fred T. Porter,* of Kaufman, and *Fred V. Meridith,* of Terrell, filed brief as amicus curiae.

MR. JUSTICE CRITZ delivered the opinion of the Court.

This case is before the Supreme Court on certified questions from the Court of Civil Appeals at Eastland. The record shows the following:

On October 25, 1937, P. B. Lakey filed this suit in the District Court of Jones County, Texas, against R. O. McCarroll, residing in Dawson County, Texas. We shall hereafter refer to P. B. Lakey as Lakey, and R. O. McCarroll as McCarroll. Lakey's petition in the district court alleges that he was married to Velma Lakey on December 23, 1933; that Velma Lakey was a daughter of McCarroll; that two children were born to such marriage,—namely George Anthony Lakey, a son two and one-half years of age, and Alvin Lakey, a son ten months of age; that on March 9, 1937, Velma Lakey, who was then living, but who has since died, filed suit in the District Court of Jones County, Texas, for divorce and for the care and custody of the above-named two minor children; that Lakey filed answer to such suit; that such suit was finally tried in said court on May 7, 1937; that as a result of such trial Velma Lakey was granted a divorce and the bonds of matrimony existing between Lakey and his said wife dissolved; and that in such divorce decree the court awarded the care and custody of the above-named children to McCarroll, subject to the further orders of such court. The part of the divorce decree dealing with the care and custody of these children is set out in the petition. It is as follows:

"The Court further finds that it would be to the best interest of the two minor children of the plaintiff and defendant that the care and custody be awarded to R. O. McCarroll, the father of the plaintiff, until the further orders of this court, but that the defendant be permitted at all reasonable times to visit and see said children and that defendant's mother, Mrs. Emma Lakey, the grandmother of said children, should be permitted occasionally and with the consent of R. O. McCarroll, to take one or both of said minor children in her home and permitted to keep them over-night if she desired, but that neither of said children be taken out of the state at any time without further orders of the court."

Lakey's petition further alleges that since the entry of the above judgment Velma Lakey has died. It is then alleged that since the entry of the judgment awarding the care and custody of these children to McCarroll, conditions have changed in such a way as to render McCarroll an unfit person to have the care and custody of such children, and to make it to their best

interest to remove them from McCarroll's custody and award them to the custody of their father. The petition then contains allegations tending to show that Lakey would be a proper person to have the care and custody of his children. Simply stated, the petition contains allegations of fact which, if found to be true, would justify a court of competent jurisdiction in removing these children from the care and custody of McCarroll and awarding them to the care and custody of Lakey, on account of conditions having changed since the entry of the divorce judgment.

The prayer as contained in Lakey's petition in this suit prays for the issuance of citation, and that on final hearing the court alter and change the original judgment regarding the care and custody to him. The petition also prays for an injunction restraining McCarroll from interferring with Lakey's care and custody of such children, should they be awarded to him, and for general and equitable relief. The petition, taken as a whole, including the prayer, is sufficient to invoke action of a court of competent jurisdiction to relitigate and readjudicate the custody of these children on account of changed conditions.

The record shows that citation was duly issued and served on McCarroll; whereupon he, in due form of law, filed his plea of privilege to be sued in Dawson County, Texas, the county of his residence. Lakey filed a controverting affidavit to this plea of privilege. This affidavit expressly refers to Lakey's petition, and makes it a part thereof. Simply stated, the controverting affidavit is sufficient to show that venue in Jones County, Texas, lawfully exists in this case, if the divorce suit and judgment therein have legal effect to confer or preserve the same in such court. On the other hand, if the divorce suit and decree therein do not have such legal effect, then venue is in Dawson County, as the county of McCarroll's residence. We will later proceed to demonstrate the correctness of this conclusion.

On hearing of the plea of privilege alone in the District Court of Jones County, judgment was entered sustaining McCarroll's plea of privilege, and ordering the cause transferred to Dawson County. Lakey duly appealed to the Court of Civil Appeals at Eastland. On original hearing in the Court of Civil Appeals, that court, by a majority opinion, reversed the judgment of the district court, and remanded the cause thereto, with instructions to dismiss the plea of privilege. Justice Funderburk dissented. Pending action on the motion for rehearing filed by Lakey in that court, the Court of Civil Appeals

has certified to this Court two questions. These questions are preceded by a preliminary statement which we must reproduce in order that the questions may be understood. Such preliminary statement and questions are as follows:

"From what has been said and in view of the statute (Art. 4639a) and the opinions construing the same, it was the view of the majority of this court that under a proper construction of said statute (4639a) said District Court of Jones County having once obtained and exercised jurisdiction to adjudicate the issue of proper care and custody of said minors, such court (until the children reached the age of 16 years) had a *continuing jurisdiction* thereof to re-adjudicate under proper pleadings and testimony the issue of custody thus determined or adjudicated prior thereto.

"(1) Were we correct in so holding? The original opinion by the majority, as well as the minority, is here referred to for fuller statement of the facts involved, as well as the conclusions reached in the respective opinions.

"(2) In the light of said section 2 of Art. 4639a, is Art. 4639a rendered invalid or ineffective to retain in the District Court of Jones County (court of original decree) a continuing and exclusive jurisdiction as respects the custody, control and support of said children (while under the age of 16 years) beyond the finality of such judgment (May 7, 1937) under pre-existing laws in Texas?"

## OPINION.

Before proceeding with this opinion, we deem it advisable to copy herein two statutes, such statutes being Articles 4639 and 4639a. These statutes are as follows:

"Art. 4639. A divorce shall not in anywise affect the legitimacy of the children of the parents so divorced. The court shall have power, in all divorce suits, to give the custody and education of the children to either father or mother, as the court shall deem right and proper, having regard to the prudence and ability of the parents, and the age and sex of the children, to be determined and decided on the petition of either party; and in the meantime to issue any injunction or make any order that the safety and well-being of any such children may require.

"Art. 4639a. Sec. 1. Each petition for divorce shall set out the name, age, sex and residence of each child under sixteen (16) years of age born of the marriage sought to be dissolved, if any such child or children there be; and if there be no such

child or children, then the petition shall so state. No Court having jurisdiction of suits for divorce shall hear and determine any such suit for divorce unless such information is set out in such petition or in each cause of action for divorce. Upon the trial of any such cause, and in the event a divorce is granted by the Court, if there are such minor children, it shall be the duty of such trial Court to inquire into the surroundings and circumstances of each such child or children, and such Court shall have full power and authority to inquire into and ascertain the financial circumstances of the parents of such child or children, and of their ability to contribute to the support of same, and such Court shall make such orders regarding the custody and support of each such child or children, as is for the best interest of same; and said Court may by judgment, order either parent to make periodical payments for the benefit of such child or children, until same have reached the age of sixteen (16) years, or, said Court may enter a judgment in a fixed amount for the support of such child or children, and such Court shall have full power and authority to enforce said judgments by Civil Contempt proceedings after ten (10) days notice to such parent of his or her failure to carry out the terms thereof, and for the purpose of ascertaining the ability of the parents of such child or children to contribute to the support of same, they may be compelled to testify fully in regard thereto, under penalty of contempt of Court, as in other cases. Said Court shall have power and authority to alter or change such judgments, or suspend the same, as the facts and circumstances and justice may require, upon notice to such parent as above provided for, or with his or her consent.

"Sec. 1a. The person or persons to whom the payments above provided for are made under the judgment of the Court shall file sworn monthly reports with the Clerk of the Court before which the cause is pending setting out an itemized statement of the expenditure of such sum or sums of money as may have been received showing in detail the manner in which such money has been spent. The report so filed shall be examined and approved or disapproved by the Judge before which said cause is pending.

"Sec. 2. This Act shall be cumulative of all other laws upon the same subject, and is not intended to repeal any other law upon the subject of the care or support of such minors. (Acts 1935, 44th Leg., p. 111, ch. 39.)"

A reading of the majority opinion of the Court of Civil Appeals will disclose that it holds that prior to the effective

date of Article 4639a, supra, venue in suits of this kind lay in the county of the residence of the defendant, but that the provisions of such statute have operated to change such rule as regards children under the age of sixteen years, so as to confer on the district court entering the divorce decree exclusive jurisdiction and venue of actions of this kind. The dissenting opinion holds that Article 4639a in no way operates to change the rules of law governing jurisdiction or venue in cases like this. We are in accord with the dissenting opinion.

■ It will be noted that Article 4639 has been on our statute books for many years. It has been interpreted so many times that no doubt remains as to how it should be construed regarding questions of jurisdiction and venue in cases such as this. It will be noted that such Article deals with all minor children. Its terms do not confine the divorce court to the power of awarding the custody of children under sixteen years of age, as does Article 4639a. Article 4639 expressly authorizes the divorce court, in the divorce action, to "give the custody and education of the children to either father or ·mother, as the court shall deem right and proper * * *." In spite of the fact that Article 4639 only mentions the father and mother, it is settled that, under the statute just mentioned, and under its constitutional and equity powers, a district court has power, in a divorce decree, to award the custody of the children of the marriage involved in the divorce action to a third person, when the welfare of such children requires such action. Rice v. Rice, 21 Texas 58; Ex parte Ellerd, 71 Texas Crim. Rep. 285, 158 S. W. 1145; Ann. Cas. 1916D, 361; Futch v. Futch (Civ. App.), 299 S. W. (2d) 287.

■ Prior to the time that Article 4639a became effective it was the law of this State that a judgment in a divorce action awarding the custody of minor children was a final judgment,—and that notwithstanding the fact that the court entering same should have undertaken therein to retain exclusive jurisdiction to afterwards readjudicate and reaward such custody. Black v. Black (Civ. App.) 2 S. W. (2d) 331, and authorities there cited; Keith v. Keith (Civ. App.), 286 S. W. 534; Ex parte Garcia, 187 S. W. 410, and authorities there cited.

■ Prior to the time Article 4639a became effective, even though a divorce judgment awarding the custody of minor children was regarded as a final judgment in such respect, it was only res adjudicata on the question of such custody so long as conditions remained the same as they were at the time such

judgment was rendered. As regards custody, that matter could again be litigated and again be adjudicated on questions regarding changed conditions. The matter of custody could again be litigated and again adjudicated should a showing be made in a subsequent action that conditions had so changed since the rendition of the former judgment that a change of custody should be had in order to conserve the welfare of the children involved. Magnolia Pet. Co. v. New Process Prod. Co., 129 Texas 617, 104 S. W. (2d) 1106; Wilson v. Elliott, 96 Texas 472, 73 S. W. 946, 75 S. W. 368, 97 Am. St. Rep. 928; Smith v. Long (Civ. App.), 181 S. W. 478,, and authorities there cited.

■ Prior to the effective date of Article 4639a, a suit to again litigate and again adjudicate the custody of minor children whose custody had already been litigated and adjudicated at a term of court which had expired was regarded as a new suit or an independent cause of action. 15 Tex. Jur., p. 675, sec. 170, and authorities there cited; Black v. Black, supra; Keith v. Keith, supra. Simply stated, the new suit was not an action to set aside the old judgment and retry the original case, as in an action for bill of review, but was a new and independent action to determine custody on changed facts and circumstances. A bill of review involves the retrial of the original suit; while prior to the effective date of Article 4639a a suit to relitigate and readjudicate the custody of minor children on the ground of changed conditions was a new and independent action which did not involve in any sense the retrial of the original action. It follows that suits to relitigate and readjudicate custody of minor children on account of changed conditions were governed by the general law of venue, and such venue lay in the county of the residence of the defendant. Black v. Black, supra; Keith v. Keith, supra; 15 Tex. Jur., supra, and authorities there cited.

It is evident from what we have already said that we hold that venue in this suit lies in Dawson County, Texas, as the county of McCarroll's residence, unless Article 4639a has effect to change the law as it existed prior to its effective date as regards actions to relitigate and readjudicate the custody of children under sixteen years of age under changed conditions.

■ When we come to consider Article 4639a, we find that Section 2 thereof in plain legal effect provides that it is not intended as a repealing statute, but as a cumulative one. We must give this provision effect so far as it is reasonably possible to do so. When we read this statute in its entirety, and construe it from its four corners, we are convinced that it evidences no legislative intent to alter or change the pre-existing

rules of law as regards the custody of children in actions such as the instant one. It will be noted that such statute deals alone with children under the age of sixteen years. It has no application to children over that age. It is true that such statute, by express language, confers jurisdiction on the divorce court, in the divorce action, to make orders awarding the custody of children under the age of sixteen years. In this respect, however, nothing was added to the jurisdiction of the court. It already had such power under Article 4639, as well as under its general constitutional and equity powers. Rice v. Rice, supra; Futch v. Futch, supra. The general effect of Article 4639a as regards the awarding of custody of children is to make it the affirmative duty of the court to provide such custody as regards children under sixteen years of age; whereas, Article 4639 merely confers the power to make such award as to all children. Article 4639a contains no language that evidences a legislative intent to give the divorce court exclusive jurisdiction over later independent actions to relitigate and readjudicate the custody of children under sixteen years of age on account of changed conditions.

■ Further discussing Article 4639a, we call attention to the fact that after providing that the divorce court in divorce action "shall make such orders regarding the custody and support of each such child or children, as is for the best interest of same," etc., such statute then proceeds to provide that the divorce court "may by judgment, order either parent to make periodical payments for the benefit of such child or children, until same have reached the age of sixteen (16) years, or, said court may enter a judgment in a fixed amount for the support of such child or children, and such court shall have full power and authority to enforce said judgments by civil contempt proceedings after ten (10) days notice to such parent of his or her failure or refusal to carry out the terms thereof," etc. The Act then provides that the divorce court "shall have power and authority to alter or change such judgments, or suspend the same, as the facts and circumstances and justice may require, upon notice to such parent as above provided for, or with his or her consent." Manifestly, the power given by the statute to alter, change, and suspend divorce judgments as the facts and circumstances and justice may require only has reference to that part of the divorce decree dealing with orders requiring either or both parents to make contributions for the support of their children under sixteen years of age. As already stated, the Act manifests no legislative intent to clothe the divorce

court with continuous, exclusive jurisdiction or venue of all future actions to relitigate and readjudicate custody of children under sixteen years of age on account of changed conditions. Finally, we think there is no escape from this conclusion when it is noted that this Act, in effect, provides that the divorce court may exercise his power to alter or change upon notice to such parent, or with his or her consent. As already shown, custody may be awarded to a person not a parent. If the part of the statute giving the divorce court the power to alter or change his decree applies to custody, such power can be exercised without even giving notice to the person given such custody. Manifestly, the statute should not be given such a construction unless it is suceptible of no other.

It seems to be contended that Article 4639a is unconstitutional and void, in so far as it applies to custody, because its caption contains no mention of that subject, and is not sufficient to embrace the same. Under the construction we have given such statute, as regards custody, its constitutionality or unconstitutionality in that regard could not in any way alter our answers to the questions here certified. This is because we hold that such statute does not have effect to give the divorce court exclusive jurisdiction or venue of actions of this kind to relitigate and readjudicate the custody of minor children under the age of sixteen years on account of changed conditions. Finally, we think the caption is sufficient to cover all portions of the Act.

This opinion is certified as answering the questions of law propounded to us by the Court of Civil Appeals.

Opinion delivered January 3, 1940.