**GREEN et al. v. SPELL.**

No. 4320.

Court of Civil Appeals of Texas. Beaumont.

Nov. 1, 1945.

Rehearing Denied Dec. 5, 1945.
Writ of Error Refused Feb. 13, 1946.

See 192 S.W.2d 260.

Homer E. Stephenson, of Orange, for appellant.

W. P. Sexton, of Orange, for appellees.

MURRAY, Justice.

J. R. Spell was granted a decree of divorce from Virginia Spell in the district court of Orange County in September, 1943. In that judgment the custody of their daughter Barbara Ann, who was then seven years of age, was given to Mrs. Lucille Morris of Orange County, the aunt of said child. In the judgment the court further ordered that "the child be permitted to visit its mother, Virginia, during the summer months of each year when she is not attending school." In June, 1945, J. R. Spell and Mrs. Lucille Morris, joined by her husband, Herman Morris, residents of Orange County, Texas, filed a motion in the same cause in the district court of Orange County, complaining of Virginia Spell, who had remarried and was now Virginia Spell Green, the wife of Robert Green, alleged to reside in Cass County, Texas, and in the motion alleged that since the date of the judgment the child had been constantly under the care of a physician, and was at the time of the filing of the motion receiving special treatment from the doctors to overcome a nervous condition. They prayed that the court "reopen and reform the judgment in the case of J. R. Spell v. Virginia Spell and place the full custody and control of said child in Mrs. Lucille Morris, petitioner. Virginia Spell Green, and her husband Robert Green, filed their plea of privilege, alleging that they did not reside in Orange County, Texas, but resided in Cass County, Texas, that no exceptions to exclusive venue in the county of one's residence provided by law existed in said cause. J. R. Spell filed a controverting plea in which he simply alleged that the district court of Orange County had exclusive venue and jurisdiction over the suit, that by virtue of the judgment of that court it acquired jurisdiction over the custody of the minor, and that "the custody and control of this child can not be taken from beyond the jurisdiction of this court." The motion, the plea of privilege and the controverting affidavit were all verified. On July 2, 1945, the plea of privilege was heard by the court and overruled, and from the order overruling such plea Virginia Spell Green has perfected her appeal.

On the hearing, it was stipulated that Virginia Spell Green and her husband were not residents of Orange County, Texas, nor of the First Judicial District of Texas; that all parties were present in court; that the child was in the care and custody of Mrs. Mary Lucille Morris in Orange County, Texas. The only testimony introduced on the hearing was that of Mrs. Morris who testified that she lived

in Orange County, Texas; that the child was living with her in Orange on June 6, 1945; that the child was placed in her custody by the district court of Orange County; that she had had custody of the child two years except for the summer months of 1944 when she went with her mother.

It is noted that the original divorce decree gave the care, custody and control of the child Barbara Ann to its aunt, Mrs. Lucille Morris, and that the decree also provided that the child be permitted to visit its mother during the summer months. It is seen that by the terms of the decree custody of the child was given to the aunt, Mrs. Morris, and that the only right the mother, Virginia Spell, had was that "the child be permitted to visit its mother during the summer months, etc.," with the right also to visit the child at reasonable times. At the time the motion was filed the child was in Orange County with her aunt. Under Lakey v. McCarroll, 134 Tex. 191, 134 S.W.2d 1016, it was settled that a motion or petition to change custody of a child from the custody granted in the divorce decree is a new and independent action and that such suits to relitigate and readjudicate custody of minor children on account of changed conditions are governed by the general law of venue and such venue lay in the county of the residence of the defendant in the new action. It is also pointed out in Lakey v. McCarroll that it is only in regard to motions or suits to alter, change and suspend that part of the divorce decree dealing with orders requiring contributions for the support of children that the court granting the decree has continuous and exclusive jurisdiction and venue. Manifestly the instrument filed in this cause and termed "motion to change judgment," does not concern any payments or contributions for the benefit of the minor. Also since Mrs. Morris, the child's aunt, who was given custody of the child in the divorce decree, seeks only to change that portion of the decree which orders that she permit the child to visit its mother, such motion is not in many respects similar to the usual motion or action to relitigate the question of the custody of the minor child. It does however deal with and pray for a change in the administration of Mrs. Morris' custody of the child in that it seeks to eliminate the permission to the child to visit its mother in the summer months. To that extent then such motion is an attempt to relitigate and reajudicate one feature of the custody of the child because of changed conditions, and therefore it falls within the holding of Lakey v. McCarroll, supra. In Wilson v. Wilson, 137 Tex. 528, 155 S.W.2d 601, 602, the facts were that the district court in Dallas County awarded custody of a minor child in a divorce decree to the grandmother of the child, who lived in Kaufman County. Later, when an action was brought in Dallas County to relitigate the custody of the minor child, in an opinion adopted by the Supreme Court, it was held that venue of the case was in Kaufman County, citing Lakey v. McCarroll, supra. The following language is used: "It is there held that Article 4639a did not have the effect of changing the rule theretofore existing, to-wit, that the proper venue for an action involving the custody of a minor was the residence of the custodian of such minor." We do not believe that to be the holding in Lakey v. McCarroll. Certainly it is the rule in the Wilson v. Wilson case, supra, where the residence of the custodian of the minor was the residence of the defendant in the new action to relitigate custody. We do not believe that Lakey v. McCarroll could be authority for holding in the present case that the proper venue for this action would be the residence of Mrs. Morris, the custodian of such minor since she was such custodian resides in Orange County and the defendants in the new action reside in Cass County. Appellee also relies upon Ardrey v. Ruth, Tex.Civ.App., 189 S.W.2d 15. In that case a plea of privilege filed to a suit in Dallas County involving the custody of a minor child, was sustained and the cause was transferred to Harris County. The persons having the custody of the minor child resided in Harris County and the court used the phrase, "Venue of suits for readjudication or involving the custody of minors, is definitely fixed in the county of the residence of the minor, or custodian of the minor to whom custody has been awarded by a court of competent jurisdiction." The rule announced, of course, applies to the facts in that particular case, in which the defendants in the new action were the custodians of the minor. In neither of these cases is it held that venue lies in the county of the residence of the actor or plaintiff in the new action to relitigate custody of the minor.

The order of the trial court overruling the plea of privilege is reversed, and the case

is remanded with instructions that ·the plea of privilege be sustained and that the motion to change judgment be transferred to the district court of Cass County, Texas, for disposition.