The judgment of the Court of Civil Appeals, which reversed and rendered the judgment of the trial court, is affirmed.

## HUNT et al. v. BOYD.
### No. 9557.

Court of Civil Appeals of Texas. Austin.
April 10, 1946.

B. W. Smith, of San Angelo, for appellant.

E. E. Murphy, of San Angelo, for appellee.

McCLENDON, Chief Justice.

Appeal from an interlocutory order overruling a plea of privilege seeking to change the venue in a child custody case from Tom Green to Potter County.

In a suit brought in the 119th Judicial District Court of Tom Green County by F. D. Boyd (appellee) against his then wife, Preble Boyd (appellant Preble Hunt) a judgment was rendered Oct. 31/41, granting a divorce to the latter, upon her cross-action, and awarding the custody of their then five year old daughter, Renna Gayle Boyd, to the mother during the school year (September 1 to May 31 of each year) and to the father during the remaining (vacation) period, with privilege of each parent to visit the child while in the other's custody. The mother later married appellant

T. D. Hunt. August 2, 1945, the father filed in said court an application to have Preble Hunt punished for contempt of court for the alleged failure on her part to deliver custody of the child to him on May 31, 1945. The application also stated that the father was and that the mother was not a suitable person to have the custody of the child, and sought to have such custody awarded to the father.

In so far as the application seeks to have Mrs. Hunt punished for alleged violation of the judgment of October 31, 1941, it is merely an enforcement measure, ancillary to said judgment, and is within the exclusive jurisdiction of said court.

In so far, however, as the application seeks any change or modification in the child custody provisions of the judgment, it constitutes a separate, independent suit, the venue of which lies in the county of defendants' residence. Lakey v. McCarroll, 134 Tex. 191, 134 S.W.2d 1016; Spell v. Green, Tex.Sup., 192 S.W.2d 260, expressly approving the holding of the San Antonio Court in Green v. Spell, Tex.Civ. App., 191 S.W.2d 92. To that extent the order overruling the plea of privilege is set aside and the plea is sustained; and the cause is remanded to the trial court with direction to change the venue to Potter County in so far as the application seeks any change or modification of the child custody provisions of the judgment of October 31, 1941.

Reversed and remanded with instructions.