"Communications between physicians and patients are not privileged."

In the case of Crow v. State, 89 Tex.Cr.R. 149, 230 S.W. 148, 154, it was held as follows:

"If the court declined to require him to answer because of this reason he was in error; in the absence of a statutory enactment in this state making communications between physicians and their patients privileged, they cannot claim this right."

By virtue of the authorities above quoted, we are of the opinion that the court was not in error in allowing the testimony of the doctor to be introduced in evidence before the jury.

We have considered all the other bills of exception in the case, and fail to find any error therein.

The judgment is affirmed.

---

## STEELE v. STEELE.
### No. 3039.

Court of Civil Appeals of Texas. Waco.

July 17, 1952.

Rehearing Denied Sept. 25, 1952.

Owen F. Watkins, Mexia, for appellant.

Benson & Howard, Lubbock, for appellee.

HALE, Justice.

This is an appeal from a venue proceeding. It stems from a controversy between divorced parents over the custody of their two minor children, each child being under sixteen years of age.

The record discloses that on June 30, 1950 the 77th Judicial District Court of Limestone County granted appellee a divorce and awarded to her the custody of the two children born of her marriage to appellant. On October 21, 1951 appellant filed his application, based upon a material change of conditions as therein set forth, to modify and change the judgment in the divorce suit in so far as it related to the custody of the two children, and to award their custody to him. In response to notice served upon her to answer the application, appellee timely filed a plea of privilege in

due form, asserting her right to be sued in Lubbock County, that being the county of her residence. Appellant duly filed and presented his controverting affidavit to the plea, alleging therein that venue to hear his application was properly laid in the court below under the provisions of Arts. 4639 and 4639a of Vernon's Tex.Civ. Stats. After a hearing by the court without a jury on the question of venue, the plea of privilege was sustained upon the ground that appellant's so-called application was in fact a new and independent suit for a change of the custody of the children.

Appellant contends in substance that the court erred in sustaining the plea of privilege because the undisputed evidence adduced upon the hearing showed the children had not actually been in the custody of appellee in Lubbock County at any time since October 25, 1950 but that they had been in the actual custody of appellant and his parents, either in Limestone or Freestone County, at all times after that date. He argues that since Limestone and Freestone Counties are within the territorial limits of the 77th Judicial District, the court below continued to have exclusive jurisdiction and venue to pass upon his application and to change its prior judgment in so far as the custody of the children is concerned. We cannot agree with appellant's contentions for reasons which we shall note briefly.

■■ In the case of Lakey v. McCarroll, 134 Tex. 191, 134 S.W.2d 1016, the Supreme Court of Texas construed Arts. 4639 and 4639a of Vernon's Tex.Civ.Stats. and held that the effect thereof was not to vest in the trial court, after granting a divorce and awarding the custody of minor children, exclusive jurisdiction and venue to re-adjudicate the issue of custody upon a showing of changed conditions. On the contrary, it was expressly held in that case that a proceeding to change the custody of children on account of changed conditions is a new suit or an independent cause of action and that a nonresident person sued in such proceeding is entitled to have the suit transferred upon a plea of privilege to the county of his or her residence as provided by Art. 1995 of Vernon's Tex.Civ. Stats. The holding in the above case has been cited and followed in numerous subsequent decisions and in our opinion the rules of law announced and applied therein are conclusive against the contentions of appellant, some of such cases being as follows: Ex parte Roberts, 139 Tex. 644, 165 S.W.2d 83; Green v. Spell, Tex.Civ. App., 191 S.W.2d 92; Spell v. Green, 144 Tex. 535, 192 S.W.2d 260; Hunt v. Boyd, Tex.Civ.App., 193 S.W.2d 970; Putty v. Faulkner, Tex.Civ.App., 214 S.W.2d 831; Yeagle v. Bull, Tex.Civ.App., 235 S.W.2d 226.

■ Although the undisputed evidence showed that appellee voluntarily delivered the possession of the children to the parents of appellant on October 25, 1950 and that they have been at all times thereafter in the actual custody of appellant or of his parents, either in Limestone or Freestone County, appellee testified that she delivered the children to their grandparents in order that they might visit with them only temporarily and that she had been trying for some time, without success, to regain their possession. However, we do not think the place of abode of these children at the present time or the circumstances under which they were delivered to their grandparents is in anywise material to a correct disposition of the venue issue involved in this proceeding. Appellee is the person, and the only person, whom appellant sued for a change of the legal custody of the children and since the suit against her does not come within any exception to exclusive venue in the county of one's residence as provided by Art. 1995 of Vernon's Tex.Civ.Stats., the trial court was required to sustain her plea of privilege.

Therefore, the order appealed from is affirmed.

LESTER, J., took no part in the consideration or disposition of this case.