**Charles G. CLARK et al., Appellants,**

v.

**Bonnie Bell ALLEN et vir, Appellee.**

**No. 13287.**

Court of Civil Appeals of Texas.

San Antonio.

Feb. 5, 1958.

Joe Burkett, San Antonio, for appellant.

Arthur A. Domangue, Basil H. Taylor, San Antonio, for appellee.

W. O. MURRAY, Chief Justice.

This is an appeal from an order sustaining a plea in abatement. On May 28, 1957, Charles G. Clark, Zelda M. Clark and Dayl Jean Flournoy filed this suit complaining of Bonnie Bell Allen and Charles W. Allen, seeking to have the question of the proper custody of Dayl Jean Flournoy, II, re-litigated and re-adjudicated upon the grounds that conditions had changed since the custody of said child had been awarded to Bonnie Bell Allen in 1947, whereupon the defendants filed their plea in abatement, contending that this suit should be abated because of the pendency of Cause No. F-37,883 in the District Court of Bexar County, Texas, in which the custody of said child, Dayl Jean Flournoy, II, had been awarded to his mother, who was then Bonnie Bell Flournoy, but who now is Mrs. Charles W. Allen. After a hearing, the trial court sustained defendants' plea in abatement and dismissed the cause, from which judgment the plaintiffs have prosecuted this appeal.

Appellants contend that the trial court erred in sustaining the plea in abatement. The facts are, that prior to April 3, 1947, Bonnie Bell Allen and Dayl Jean Flournoy were husband and wife and were the parents of a minor son named Dayl Jean Flournoy, II. On April 3, 1947, in Cause No. F-37,883, styled Bonnie Bell Flournoy v. Dayl Jean Flournoy, the District Court of Bexar County granted the parties a divorce and awarded the custody of their son to the mother, with the right of the father to have the child visit him on Saturday afternoons and up until 7:00 p. m. the following Sunday. Thereafter, Dayl Jean Flournoy violated the provisions of this judgment and was held to be in contempt of court, and was on the 25th day of July, 1956, ordered to be held in jail until such time as he would purge himself of contempt. Dayl Jean Flournoy is still confined in the County Jail of Bexar County and has not purged himself of such contempt.

 The law is clear in this State that where an award is made of the custody of children in a divorce suit, such judgment is a final judgment and adjudicates all matters up to the time it is entered, and for all time to come, unless and until changed or set aside upon allegations and proof of changed conditions. The district court hearing such a divorce case does not have a continuing and exclusive jurisdiction to thereafter change the custody of such children, but a suit may be brought in another court upon alleged changed conditions arising subsequent to the date of the divorce decree, requiring that in consideration of the best interests of such minors the permanent custody status of such minors be changed. Lakey v. McCarroll, 134 Tex. 191, 134 S.W.2d 1016; Quick v. Lindsay, Tex. Civ.App., 208 S.W.2d 910; Steele v. Steele, Tex.Civ.App., 251 S.W.2d 258; Pearson v. Pearson, Tex.Civ.App., 195 S.W.2d 188; Art. 4639 and Art. 4639a, Vernon's Ann. Civ.Stats.

Appellees contend that the pendency of the contempt proceedings in the District Court of Bexar County gives that court exclusive jurisdiction to pass upon the necessity for changing the permanent custody status of the minor, Dayl Jean Flournoy, based upon changed conditions. We do not agree. The contempt proceedings were brought for the purpose of enforcing the custody provisions of the original divorce decree, but in no way involved the question of the future permanent custody status of said minor. There were no allegations of changed conditions.

It will be borne in mind that we are not called upon to pass upon the question of venue in this case, nor are we called upon to pass upon the merits of the case. We have before us only the correctness of the trial court's action in sustaining the plea in abatement.

 This suit, filed in the District Court of Medina County, is a suit to change the permanent custody status of the minor, based upon changed conditions arising since the entry of the divorce decree on April 3, 1947. The fact that the divorce was grant-

ed by the District Court of Bexar County, and the fact that there is now pending in the District Court of Bexar County contempt proceedings for the purpose of enforcing the provisions of the divorce decree, is no reason why this suit pending in the District Court of Medina County should be abated.

The record shows that in 1952 Dayl Jean Flournoy, the father of Dayl Jean Flournoy, II, filed in Bexar County Cause No. 71,160, in which he sought a change of custody of his son, based upon alleged changed conditions since the rendition of judgment in Cause No. 37,883. That case was later dismissed and now there is no case pending in Bexar County involving the permanent custody status of Dayl Jean Flournoy, II.

Accordingly, the judgment of the trial court is reversed and judgment here rendered overruling the plea in abatement.

Reversed and rendered.