The evidence is sufficient to support the conviction of the appellant as charged.

The other contentions presented have been considered, and they do not show error.

The judgment is affirmed.

Opinion approved by the Court.

---

**John Fleetwood OGLETREE, Appellant,**

v.

**Margie Bolding CRATES et vir, Appellees.**

No. 3726.

Court of Civil Appeals of Texas.

Eastland.

June 8, 1962.

Rehearing Denied July 27, 1962.

Lola L. Bonner, Rockport, Young, Young & Daggett, Houston, for appellant.

Fischer, Wood, Burney & Nesbitt, Corpus Christi, Wade & Wade, Beeville, Ellis L. Clark, Rockport, John H. Flinn, Sinton, for appellees.

GRISSOM, Chief Justice.

In August, 1957, John Fleetwood Ogletree and his wife, Margie Bolding Ogletree, obtained their second divorce in Alabama. That judgment awarded Mr. Ogletree custody of their minor son ten months of each year. That custody judgment was based upon an agreement of the parents filed with the court and made a part of the judgment. In September, 1958, the same Alabama court, in the same case, dismissed Mrs. Ogletree's petition and her husband's cross-petition seeking to modify said judgment. In July, 1960, the mother filed a habeas corpus proceeding in Harris County seeking custody of the child. In each of the last named proceedings the court refused to change the custody arrangement as fixed in the divorce case, which custody judgment was based upon the parents' written agreement.

In 1961, the mother failed to return the boy, then six years of age, to his father at the expiration of her two months' period of custody under the 1957 Alabama judgment and the father filed a petition of habeas corpus in the District Court of

Aransas County, where the mother and child were temporarily staying. The father asserted he was entitled to custody by virtue of the Alabama judgment. The mother, joined by her present husband, answered that Mr. Ogletree procured the 1957 Alabama custody agreement and judgment by duress and by fraud practiced upon her and the Alabama court. She further alleged that there had been a material change of conditions affecting the welfare and best interest of the child since the entry of said custody decree. Mr. Ogletree excepted to the allegation of fraud in obtaining that judgment because it constituted a collateral attack on the Alabama judgment; because said answer contained allegations of matters previously adjudicated in both Alabama and Texas, and constituted an attempt to go behind prior adjudications of the same subject matter. Mr. Ogletree alleged that since rendition of the Alabama judgment in 1957, said subject matter had been litigated in Alabama and Texas; that the mother had filed a petition, in 1958, in the same court in Alabama requesting the court to change the custody, which was denied; that she filed a habeas corpus proceeding in Harris County, Texas, in 1960, requesting the court to change the custody and that said court refused to change the custody. Said exceptions were overruled.

In a trial to the court, judgment was rendered denying Mr. Ogletree's application for a writ of habeas corpus and awarding entire custody to the mother. Mr. Ogletree has appealed.

Appellant contends the court erred in overruling his exception to appellees' answer because same contained (1) allegations of fraud, which constituted a collateral attack upon the 1957 Alabama custody judgment, (2) allegations of matters previously adjudicated in Alabama and Texas courts, and was an attempt to go behind prior adjudications of the same subject matter between the same parties and (3) that her answer contained allegations of changed conditions which had been previously adjudicated. Appellant also con-

tends the court erred in assuming, or continuing to exercise, jurisdiction after the filing of appellees' answer because it advised the court that appellees were domiciled in Alabama and not within the jurisdiction of the court; that the court erred in failing to give full faith and credit to the two Alabama judgments and that the Alabama and Harris County, Texas, judgments were res judicata of all questions concerning custody which could have been raised at the time of said adjudications. Appellant further presents points to the effect that the evidence did not show a material change of conditions affecting the welfare of the child sufficient to warrant a change of custody since the determination of custody by the judgments mentioned.

■ If the validity of the judgment depended upon a showing of a material change of conditions affecting the welfare of the child since rendition of said judgments we would be compelled to reverse the judgment because the record does not show such change. See Short v. Short, (Sup.Ct.), 354 S.W.2d 933; Taylor v. Meek, 154 Tex. 305, 276 S.W.2d 787; Lakey v. McCarroll, 134 Tex. 191, 134 S. W.2d 1016. We conclude, however, that the court had jurisdiction and authority to pass upon the attack on the Alabama custody judgment and to change the custody. In answer to appellant's suit for custody, based upon the Alabama judgment, the Aransas County, Texas, court had jurisdiction and authority to determine, as it did, that the Alabama judgment was procured by fraud, to set that custody judgment aside and award custody to the mother. The generally accepted view is that the judgment of one state may be impeached for fraud in its procurement when sued upon in another. 55 A.L.R.2d 680. That is the law in Texas. In Drinkard v. Ingram, 21 Tex. 650, 73 Am.Dec. 250, the Supreme Court of Texas, in 1858, held that a person sued in Texas upon an Alabama judgment could defend by showing that the judgments sought to be enforced in Texas

had been fraudulently obtained. It further held that the defendant was not deprived of such defense by a failure to show that he was not guilty of laches. See also Babcock v. Marshall, 21 Tex.Civ.App. 145, 50 S.W. 728; Dyer v. Johnson, Tex.Civ.App., 19 S.W.2d 421; 3 Freeman on Judgments, 5th Ed., Sec. 1183; Cole v. Cunningham, 133 U.S. 107, 10 S.Ct. 269, 33 L.Ed. 538; Hilton v. Guyot, 159 U.S. 113, 16 S.Ct. 139, 40 L.Ed. 95; Richmond v. Sangster, Tex. Civ.App., 217 S.W. 723; Hare v. Reily, Tex.Civ.App., 269 S.W. 473; Vann v. Calcasieu Trust & Savings Bank, Tex.Civ. App., 204 S.W. 1062; Goldsmith v. Salkey, 131 Tex. 139, 112 S.W.2d 165, 116 A.L.R. 1293.

We have carefully considered all of appellant's points. We conclude that reversible error is not shown. The judgment is affirmed.