**Earl CARAWAY,**
Appellant,

v.

**Winifred Caraway HENDRIX et vir,**
Appellees.

No. 4353.

Court of Civil Appeals of Texas.

Waco.

March 25, 1965.

Rehearing Denied April 15, 1965.

Davis & Wright, Thad W. Davis, Freeport, Madison Wright, Lake Jackson, for appellant.

Morgan & Nobles, Decatur, Anthony Willy, Freeport, for appellees.

McDONALD, Chief Justice.

This is an appeal from an order overruling a plea of privilege by the defendant, to be sued in the county of his residence, in a child custody case. Plaintiff Winifred Hendrix and defendant Earl Caraway were formerly husband and wife; were divorced in Wise County in 1960; and such decree of divorce awarded the custody of the minor Richard Warren Caraway to defendant. Thereafter, in 1963, the District Court of Wise County denied a change of custody, and decreed the minor's custody in defendant, but that plaintiff would have custody from June 1st to August 31st of each year. On July 13, 1964, and during the 3 months' period plaintiff had custody of the minor child in Brazoria County, plaintiff filed this suit in Brazoria County against defendant, for change of permanent custody of the minor child. Defendant filed his plea of privilege to be sued in Wise County, the county of his residence. Plaintiff controverted such plea on the ground that plaintiff had the custody of the child in Brazoria County at the time of filing suit and that for this reason venue was properly sustainable in Brazoria County; and that defendant had waived his plea of privilege.

Trial was before the court which overruled defendant's plea of privilege.

Defendant appeals, contending the Trial Court erred in overruling his plea of privilege, and that venue in a child custody case is in the county of the defendant's residence. Suits for custody of minor children are governed by the general law of venue, and venue lies in the county of the residence of the defendant. Shaver v. Shaver, Tex.Civ.App., 383 S.W.2d 259 (n. w. h.); Knollhoff v. Norris, 152 Tex. 231,

256 S.W.2d 79; Lakey v. McCarroll, 134 Tex. 191, 134 S.W.2d 1016; Gathright v. Riggs, Tex.Civ.App., 344 S.W.2d 757 (n. w. h.); Steele v. Steele, Tex.Civ.App., 251 S.W.2d 258 (n. w. h.). Defendant's contention is sustained.

We have examined the record, and defendant did not waive his plea of privilege.

The judgment is reversed and judgment here rendered transferring the cause to the District Court of Wise County. Reversed and rendered.