**Byron D. CZICHOS, Appellant,**

v.

**Joyce Ann MESERVE, Appellee.**

No. 14759.

Court of Civil Appeals of Texas.

San Antonio.

Feb. 26, 1969.

Rehearing Denied March 19, 1969.

———◆———

William H. Haight, San Antonio, for appellant.

Thomas E. Lucas, Philip L. Reardon, Houston, for appellee.

BARROW, Chief Justice.

This is an appeal from an order sustaining a plea of privilege in a suit seeking a permanent change in the custody of minor children.

Appellant, Byron D. Czichos, and appellee, Joyce Ann Meserve, were divorced in Bexar County, Texas, in 1965, and appellee was awarded the custody of their two minor children, subject to appellant's right of reasonable visitation and to have the children visit with him for one month during the summer. On August 27, 1968, appellant filed this petition in Bexar County wherein he urged a material change in conditions since the entry of the divorce decree and sought permanent custody of said children. Appellee, joined pro forma by her husband, Ken Meserve, filed a plea of privilege to transfer said cause to Harris County where she resided. Venue was sought to be maintained under Subd. 30, Art. 1995, Vernon's Ann.Civ.St.

The trial court sustained said plea of privilege after a non-jury hearing. There is no statement of facts, but findings of fact were filed by the trial judge wherein he found that appellee and her husband were residents of Harris County at the time of the institution of said suit and on the date of service of citation upon them. He also found that at the time suit was filed the children were physically present in Bexar County.

It is well settled that a suit seeking a change in custody of minor children following entry of a divorce decree is a separate, independent suit, the venue of which lies in the county of defendant's residence. In Spell v. Green, 144 Tex. 535, 192 S.W.2d 260 (1946), such rule was stated as follows: "We approve the holding of the Court of Civil Appeals wherein it held that where the right to the custody of a minor child had been awarded in a divorce decree and a subsequent suit was brought to relitigate the right to the custody of the child on the ground of alleged change of conditions, the venue of the suit was in the county of the residence of the defendant." See also: Lakey v. McCarroll, 134 Tex. 191, 134 S.W.2d 1016 (1940); Huffman v. Huffman, 408 S.W.2d 248 (Tex.Civ.App.—Amarillo 1966, no writ); Caraway v. Hendrix, 389 S.W.2d 611 (Tex. Civ.App.—Waco 1965, no writ).

The order of the trial court sustaining appellees' plea of privilege is affirmed.