Carolyn BRANHAM, Appellant,

v.

Arch L. ANDERSON, Jr., Appellee.

No. 14846.

Court of Civil Appeals of Texas,
San Antonio.

Jan. 14, 1970.

Rehearing Denied Feb. 4, 1970.

Mahoney, Shaffer, Hunter & Layton, Corpus Christi, for appellant.

Haley & Smith, Seminole, for appellee.

CADENA, Justice.

This case involves the question of venue of a suit seeking to change the provisions of a prior judgment relating to custody of children.

Plaintiff, Arch L. Anderson, and defendant, Carolyn Branham, appellant here, formerly husband and wife, were divorced in Tarrant County in 1963. The divorce decree awarded custody of the two minor children of the parties to defendant, but provided that plaintiff should have the right to have the children visit with him from 1:00 P. M. on Saturday until 6:00 P. M. on Sunday. Apparently, some disagreement subsequently developed between the parties, both of whom have remarried, and on January 3, 1967, as the result of plaintiff's motion to have defendant held in contempt, the District Court of Tarrant County entered an order, based on the agreement of the parties, providing, among other things, that plaintiff should have the right to have the children with him every year beginning on June 15 and ending on July 15.

On June 15, 1969, plaintiff picked up the children at the home of defendant in Nueces County and took them to his home in Brewster County. On July 8, 1969, plaintiff filed this suit in Brewster County praying that custody of the children be awarded to him. At 11:15 A. M. on July

9, 1969, plaintiff filed a pleading in such cause seeking temporary custody of the children, pointing out that, unless he were awarded temporary custody, he would have to return the children to defendant on July 15, 1969. On the same date, and without notice to or appearance by defendant, the District Court of Brewster County entered an order awarding custody of the children to plaintiff "until further orders" of the court.

This order was filed at 11:15 A. M., July 9, 1969. On July 17, 1969, defendant filed her plea of privilege seeking transfer of the case to Nueces County, her domiciliary county. Plaintiff's controverting plea sought to sustain venue in Brewster County on the theory that the suit was one for change of custody instituted in the county of residence of plaintiff, described in the affidavit as the person who, at the time of the institution of the suit, had the legal care, custody and control of the children.

■ Even if it be assumed that, under the 1967 order of the District Court of Tarrant County, plaintiff had "custody" of the children every year for the one-month period beginning on June 15 and ending on July 15, the trial court erred in overruling the plea of privilege.

■ In a suit involving custody of children, venue depends on the residence of the defendant, and not on the residence of the legal custodian. It is true that, in a case where the defendant was also the legal custodian of the children involved, our Supreme Court said that the venue of a suit to change custody "lies in the county of the residence of the legal custodian." Houseman v. Mahin, Tex., 390 S.W.2d 732, 734 (1965). But we believe the correct rule to be that in a suit involving a change in the custody of children, venue depends upon the residence of the defendant, without reference to the residence of the person who is the legal custodian of the minors. The basic venue rule as declared by our Legislature in Article 1995, Tex.Rev.Civ.

Stat.Ann., is that no inhabitant of this State shall be sued out of his domiciliary county except in the cases enumerated in the statute. Nowhere in Article 1995 do we find a provision to the effect that venue in custody cases is, or may be, determined by the residence of the legal custodian. A statement to the effect that venue lies in the county of residence of the legal custodian, then, is correct only where the legal custodian is the defendant. Unless we are prepared to rewrite our venue statute, we must hold that suits to relitigate and readjudicate custody of minor children are governed by Article 1995, and that venue in such cases lies in the county of residence of the defendant. Lakey v. McCarroll, 134 Tex. 191, 134 S.W.2d 1016, 1020 (1940). It is true that in Lakey the defendant was also the legal custodian. But that it is the residence of the defendant, as defendant rather than as custodian, which is determinative, is established by the decision in Green v. Spell, 191 S.W.2d 92 (Tex.Civ.App.—Beaumont 1945, writ ref'd), where the legal custodian, as plaintiff, sued to terminate the defendant's rights of visitation. The court held that venue lay in the county of defendant's residence. The Supreme Court, in refusing the custodian's application for writ of error, expressly approved the holding to the effect that "where the right to the custody of a minor child had been awarded in a divorce decree and a subsequent suit was brought to relitigate the right to the custody of the child on the ground of alleged change of conditions, the venue of the suit was in the county of the residence of the defendant." Spell v. Green, 144 Tex. 535, 192 S.W.2d 260 (1946). See also Czichos v. Meserve, 438 S.W.2d 823 (Tex.Civ.App.—San Antonio 1969, no writ); Caraway v. Hendrix, 389 S.W.2d 611 (Tex.Civ.App.—Waco 1965, no writ).

The judgment of the trial court is reversed and judgment is here rendered sustaining defendant's plea of privilege and transferring the cause to Nueces County. The District Clerk of Brewster County is

directed to make up a transcript of all orders entered in this cause and proceed in accordance with the provisions of Rule 89, Texas Rules of Civil Procedure.