Gladys E. CALBECK, Appellant,

v.

Mary Joanne BOWEN, Appellee.

No. 594.

Court of Civil Appeals of Texas, Tyler.

Dec. 16, 1971.

Rehearing Denied Feb. 3, 1972.

Jack W. Flock, Reeves & Reeves, Robert G. Reeves, Tyler, for appellant.

John T. McCully, Dallas, for appellee.

McKAY, Justice.

This is an appeal from an order sustaining appellee's plea of privilege. Gladys E. Calbeck, appellant, brought suit against Mary Joanne Bowen, appellee, in the Court of Domestic Relations of Smith County for custody of Jamey Lynn Bowen, a minor girl, the daughter of appellee. Appellant is the mother of appellee and the grandmother of Jamey Lynn Bowen. The trial court, after a hearing without a jury, signed and entered an order sustaining appellee's plea of privilege to be sued in Dallas County, the county of her residence. Appellant appealed from this order on four points.

The record reflects that appellee was living with appellant and her husband in Tyler, Smith County, prior to and at the time of the birth of Jamey Lynn Bowen on May 20, 1966, and both appellee and the minor continued to live there until August, 1967, when appellee moved away leaving the minor with appellant. Appellee lived with a Mrs. Graham and her two daughters in Tyler for several weeks and then moved to Dallas with the Grahams for a time, then moved back to Tyler for a short time and then moved back to Dallas. Appellee did not see the minor for about a year—from August of 1967 to August of 1968, and she consented to appellant becoming guardian of the person and estate of the minor. It is disclosed by the record that appellee obtained a judgment of divorce from her husband on March 21, 1967, in Harris County, and was awarded permanent custody, care and control of the minor by the Court of Domestic Relations No. 4 of Harris County. Appellee never had actual possession of the minor, however, until March 1, 1971. On February 26, 1971, appellee obtained an order from the Judge of the Domestic Relations Court No. 2, Dallas County, directing the Smith County Sheriff or any Sheriff or Constable of the State of

Texas to pick up the minor at appellant's home and deliver her to appellee. Officers at Tyler honored such order and forcibly took the minor from appellant and delivered her to appellee. There were no proceedings filed in Dallas County to obtain the order and there was no notice given to appellant concerning such order until the officers arrived to take the minor from appellant.

After moving from appellant's home in August, 1967, appellee never lived with the minor and did not have actual possession or physical custody and control until the minor was delivered to her on March 1, 1971, by the officers acting under the court order signed in Dallas.

Appellant contends that the trial court committed error in sustaining the plea of privilege (1) because appellee had voluntarily relinquished custody, care and control of the minor to appellant and appellant had been appointed guardian of the person and estate of the minor with appellee's consent, and since appellant had lawful custody, care and control, appellee should have, through orderly procedure, filed a proceeding in Smith County for custody; (2) because the order of the Domestic Relations Court No. 2 of Dallas County was void and constituted a fraud as to the venue, and seizure and removal of the minor was illegal; (3) because under the undisputed evidence, venue is in Smith County; and (4) because agents of appellee committed a trespass against appellant in Smith County under subdivision 9 of Article 1995, Vernon's Ann.Tex.Civ.St., by forcibly removing her custody, care and control. We have determined that all of appellant's points should be overruled.

▪ Appellant contends from the outset that this is a suit for custody of the minor—not a suit for change of custody. We do not agree. The record reflects that appellee was granted legal custody of the minor in her divorce judgment and that custody has not been changed by any order or judgment. It is well settled in this State that in order to change the custody of a minor, a new suit is required; that the new suit must be based upon a material change of conditions; and that venue lies in the County of the residence of the defendant. Lakey v. McCarroll, 134 Tex. 191, 134 S. W.2d 1016 (1940); Spell v. Green, 144 Tex. 535, 192 S.W.2d 260 (1946); Boney v. Boney, 458 S.W.2d 907 (Tex.Sup., 1970); Branham v. Anderson, 450 S.W.2d 370 (Tex.Civ.App., San Antonio, 1970, writ dism.); 22 Baylor Law Review 497, page 501. We quote from Spell v. Green, supra:

> "* * * where the right to the custody of a minor child had been awarded in a divorce decree and a subsequent suit was brought to relitigate the right to the custody of the child on the ground of alleged change of conditions, the venue of the suit was in the county of the residence of the defendant. * * *"

▪ Appellant claims that because appellee had voluntarily relinquished custody, care and control of the minor to appellant and appellant had been appointed guardian of both the person and estate of the minor, the appellee should have, through orderly procedure, filed a proceeding in Smith County for custody. Appellee had relinquished possession or physical custody of the minor to appellant and, if re-possession of the minor was denied to appellee, it would have been the better practice for appellee to have filed some proceeding to obtain such possession instead of obtaining an order from a Domestic Relations Court in Dallas County, without any suit or any notice and based upon a judgment of a Harris County Domestic Relations Court, and ordering a peace officer to take possession of the minor and deliver her to appellee. The record, however, does show that custody of this minor had never been changed from appellee to appellant, and in venue cases such as this, the determining factor as to venue in a suit to change an original award of custody, is: "Where does the defendant reside?" Spell v. Green, supra. The circumstances of the surrender

or relinquishment of physical custody to appellant may be determined only on a trial upon the merits.

Without passing upon appellant's claim that the order of the Domestic Relations Court No. 2 of Dallas County was void, and that seizure of the minor was illegal, we are of the opinion that circumstances under which the minor was delivered to appellee are not material to a correct disposition of the venue issue in this case. Steele v. Steele, 251 S.W.2d 258 (Tex.Civ.App., Waco, 1952, n. w. h.); Duncan v. Duncan, 300 S.W.2d 149 (Tex.Civ.App., Austin, 1957, writ dism.).

In addition, we do not believe venue should be in Smith County because a Deputy Sheriff, or Constable, as appellee's agent, committed a trespass upon appellant by forcibly taking the minor from appellant and delivering her to appellee. While the method used by appellee in regaining possession or phsical custody may have been improper, or even reprehensible, we are convinced that venue is in the county of the residence of the defendant—appellee here. Assuming, arguendo, that appellant had the legal custody of the minor, venue in that event would also be in Dallas County, the residence of the defendant. We quote from Branham v. Anderson, supra, 450 S.W.2d at page 371:

> " * * * But we believe the correct rule to be that in a suit involving a change in the custody of children, venue depends upon the residence of the defendant, without reference to the residence of the person who is the legal custodian of the minors. The basic venue rule as declared by our Legislature in Article 1995, Tex.Rev.Civ.Stat.Ann., is that no inhabitant of this State shall be sued out of his domiciliary county except in the cases enumerated in the statute. Nowhere in Article 1995 do we find a provision to the effect that venue in custody cases is, or may be, determined by the residence of the legal custodian. A statement to the effect that venue lies in the county of residence of the legal cus-

todian, then, is correct only where the legal custodian is the defendant. Unless we are prepared to rewrite our venue statute, we must hold that suits to relitigate and readjudicate custody of minor children are governed by Article 1995, and that venue in such cases lies in the county of residence of the defendant. Lakey v. McCarroll, 134 Tex. 191, 134 S.W.2d 1016, 1020 (1940). * * *"

The judgment of the trial court is affirmed.

DUNAGAN, C. J., not participating.