Bobby Russell CASEY, Appellant,

v.

Sidonia Delfine JONES, Appellee.

No. 7576.

Court of Civil Appeals of Texas, Beaumont.

April 4, 1974.

Jack K. Allen, Houston, for appellant.

John D. Wooddell, Austin, for appellee.

KEITH, Justice.

This is a venue appeal arising out of an application by the mother-appellee to change the visitation rights of the father-appellant and to increase the child support payments. The father appeals from the order overruling his plea of privilege.

The facts are not in dispute and are briefly summarized in order to bring into focus the controlling principles. On December 7, 1964, the Court of Domestic Relations No. 2 of Harris County, Texas, entered a decree dissolving the bonds of matrimony between the parties, awarded the custody of the two minor children born of the marriage to the mother, fixed the father's visitation rights, and ordered regular monthly child support payments. The mother and children moved to Travis County where they were domiciled and resided at the time she instituted the present proceedings. In this suit the mother sought to terminate the father's visitation rights with the younger child and an increase in the monthly support payments from $100 to $250.

The father's plea of privilege to be sued in Harris County was regular in all respects, but the mother's controverting affidavit was unusual. She invoked Subd. 16, Art. 1995, Vernon's Ann.Civ.St., reading: "Suits for divorce shall be brought in the county in which the plaintiff shall have resided for six months next preceding the bringing of the suit." She also called to the attention of the court the opinion in Calloway v. Calloway, 442 S.W.2d 926 (Tex.Civ.App., Eastland, 1969, no writ), and Title 2, § 11.04, Family Code, effective January 1, 1974.[1]

The father testified that he was a life-long resident of Harris County. At the conclusion of the hearing, the trial court overruled the plea of privilege and the father has appealed. We reverse and order the case transferred in its entirety to Harris County.

In Boney v. Boney, 458 S.W.2d 907, 910–911 (Tex.1970), the Court held: "[F]or venue purposes there is no distinction between a change in custody and a change in visitation"—and—"[V]enue of a suit seeking a readjudication of visitation rights is in the county of the defendant's residence and is governed by the general venue statute."

Jurisdiction and venue to modify the support order rests exclusively in the court which granted the original divorce and set the amount of the support. Boney v. Boney, supra; Ex parte Mullins, 414 S. W.2d 455 (Tex.1967); Ex parte Hatch, 410 S.W.2d 773 (Tex.1967). See also, Lynde v. Lynde, 492 S.W.2d 641, 642 (Tex.Civ.App., San Antonio, 1973, no writ).

Obviously, the mother's suit was not for a divorce and she cannot maintain venue in Travis County under Subd. 16, Art. 1995. Likewise, her reliance upon the *Calloway Case*, supra (442 S.W.2d 926) is misplaced. The leading case upon our pre-

---

1. Family Code—Title 2, Acts 1973, 63rd Leg., Ch. 543, p. 1411, et seq.; Vernon's Texas Codes Ann., Family Code, §§ 11.01 et seq.

**398**

cise situation is Green v. Spell, 191 S.W.2d 92 (Tex.Civ.App., Beaumont, 1945, error ref.), wherein the Supreme Court in Spell v. Green, 144 Tex. 535, 192 S.W.2d 260 (1946), refused the writ of error and expressly approved the holding of this court that, "where the right to the custody of a minor child had been awarded in a divorce decree and a subsequent suit was brought to relitigate the right to the custody of the child on the ground of alleged change of conditions, the venue of the suit was in the county of the residence of the defendant." See Branham v. Anderson, 450 S.W.2d 370, 371 (Tex.Civ.App., San Antonio, 1970, error dism.), for a discussion of Spell v. Green, supra, and the later cases on the question. See also, Calbeck v. Bowen, 475 S.W.2d 607, 610 (Tex.Civ.App., Tyler, 1971, no writ), and Welty v. Welty, 496 S.W.2d 666 (Tex.Civ.App., Amarillo, 1973, no writ).

■ All of the proceedings below which we review occurred before the new family code went into effect on January 1, 1974.[2] The mother argues that since the new code requires custody litigation to be in the county of the child's residence, it amounts to an "expression of legislative intent [which] should weigh heavily in any interpretation of pre-existing law." We make no interpretation of preexisting law in this decision; we simply apply the law in existence at the time of the trial to the undisputed facts in the case at bar.

■ Nor do we agree with the mother when she contends that the new family code has mooted this venue question. She argues that under § 11.06(b), Family Code, the Harris County court—to which this cause will be transferred by our order— "must transfer this cause to Travis County, Texas, due to the undisputed and agreed long residence of said children in Travis County." In making this argument, counsel overlooks § 11.06(e) which requires a motion to transfer under § 11.06(b) to "be made on or before the day on which answer is required." It is readily apparent from the sequence of dates set out in footnote 2, supra, that the answer date expired long before the date of the entry of the order on the plea of privilege. Rule 101, Texas Rules of Civil Procedure.

Being of the opinion that the trial court erred in overruling the father's plea of privilege for the reasons herein stated, the judgment is reversed and the cause is remanded for the entry of an order transferring the entire cause to one of the district courts of Harris County, Texas, for further proceedings.

Reversed and remanded with instructions.

2. The significant dates are these: Suit instituted September 5, 1973; plea of privilege filed September 18; controverting affidavit to the plea of privilege filed September 27, 1973; the hearing on the plea of privilege was held on October 31, 1973; the order overruling the plea was entered on November 7, 1973.

The appeal bond, transcript, and statement of facts were all timely filed and the record lodged in the Third Court of Civil Appeals on November 20, 1973. The case was transferred to this court in an equalization of the dockets of the several courts of civil appeals.